**OWEN HEALTHCARE, INC., Plaintiff,**

v.

**FRANKLIN SQUARE HOSPITAL and Hampton Hospital Group, Inc., Defendants.**

**Civ. A. No. 92–1102.**

United States District Court, E.D. Pennsylvania.

Sept. 30, 1993.

Alan S. Gold, Monaghan & Gold, Jenkintown, PA, for Owen Healthcare, Inc.

Thomas A. Leonard, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, John v. O'Hara, Autherine B. Smith, Klehr, Harrison, Harvey, Branzburg & Ellers, Roger P. Cameron, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, for Franklin Square Hosp.

William M. Barnes, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for U.S. Concord, Inc.

## *MEMORANDUM*

TROUTMAN, Senior District Judge.

The instant dispute, as to which the background facts are not in dispute, originated from the plaintiff's agreement to release its administrative claim in a bankruptcy proceeding involving the predecessor of defendant, Franklin Square Hospital, Inc., (Franklin).

Plaintiff, Owen Healthcare, Inc., (Owen), which provides pharmaceutical services to hospitals, was operating the pharmaceutical department of Metropolitan Hospital in Philadelphia when Metropolitan began to experience severe financial difficulties which ultimately resulted in its filing a Chapter 11 Bankruptcy petition. Defendant Franklin subsequently purchased and began operating Metropolitan. Plaintiff Owen, which continued its operation of the Metropolitan pharmacy after the bankruptcy, was a creditor with an administrative claim for the value of its services to Metropolitan.

Owen later released its administrative claim in the bankruptcy court, however, in exchange for a promissory note from Franklin in the amount of $375,000, representing the estimated value of Metropolitan's debt to Owen for a period of nine months, and in exchange for Franklin's promise to continue to have Owen provide pharmaceutical services to Franklin. Hampton Hospital Group, Inc., (Hampton), owner and manager of Franklin, also signed the note, which was executed on January 15, 1991.

Although the first payment under the note was due on May 1, 1991, neither Franklin nor Hampton made any payments under the note.

Subsequently, another promissory note, in the amount of $402,860.64, was signed by a representative of Franklin. Although a signature line for Hampton also appears on the note, it was never signed by Hampton. The second note also provided that payments were to begin on May 1, 1991, but again, no payments were ever made.[1]

On February 21, 1992, Owen filed a multi-count complaint against both Franklin and Hampton to commence the instant action. After an unsuccessful motion to dis-

---

1. Interestingly, although the second note was dated January 18, 1991, it was not signed by any party until May 24, 1991, subsequent to the first payment due date under both notes, and was executed by plaintiff notwithstanding Franklin's failure to make that payment. *See,* Exh. B to Complaint, (Doc. # 1).

miss the complaint, both defendants filed their answer, affirmative defenses and counterclaim, in which they admit that Franklin executed notes for $375,000 and $402,860.64 and that no payments have been made by either defendant on either note. On the basis of these admissions, Owen filed a motion for partial summary judgment, limited to Counts II, III and VII of the complaint.

After several extensions of time to respond to the motion for summary judgment, Franklin agreed, *inter alia.*, to the entry of a judgment against it for $402,-860.64, the amount of Franklin's indebtedness to Owen on the second note. This Court approved the stipulation of Owen's and Franklin's counsel that judgment be entered in favor of Owen and against Franklin.

Prior to entry of the judgment, however, a secured creditor of Franklin, U.S. Concord, moved to intervene and to stay execution of the judgment, contending that Franklin's dire financial straits would likely result in the imminent filing of a bankruptcy petition and that assets rightly belonging to the about-to-be-created bankruptcy estate would be dissipated if Owen were permitted to execute on the judgment. As a result of U.S. Concord's motion, the Court delayed entry of the judgment until a conference could be held.

On April 23, 1993, defendant Hampton filed its response to Owen's motion for summary judgment on Count VII of the complaint, which is based upon Hampton's admitted failure to make any payments to Owen pursuant to the first promissory note, in the face amount of $375,000.

In opposition to Owen's motion, Hampton first contends that the motion for summary judgment against it is moot in light of the stipulation for entry of judgment against Franklin on the second promissory note. As the parties agree and the record discloses, the later note actually secures the same debt, since the first note was merely an estimate of the amount owed by Metropolitan to Owen which Franklin undertook to pay in exchange for Owen's agreement to forego its administrative claim in the

bankruptcy court. *See*, Deposition of Ronald Graham, Exh. D to Doc. # 29, Hampton's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment. The second note, executed by a Franklin official only, represented the true amount of the debt. *Id.*

Hampton's contention that Owen's claim against it on the $375,000 note is moot in light of the judgment fails at the outset for the simplest of reasons—there is no judgment in this Court against Franklin. As noted, the Court approved the parties' agreement that judgment be entered, but the judgment was not entered and cannot now be entered in light of Franklin's bankruptcy petition, which the Court understands was filed on July 2, 1993.

Hampton next argues that the second note is a substitute for the first note and, therefore, extinguished the obligations and liability of Hampton for Franklin's debt to plaintiff. In support of this argument, Hampton cites the legal principle of novation.

■■■ Under Pennsylvania law, "The required essentials of a novation are 'the displacement and *extinction of a valid contract*, the substitution for it of a valid new contract, ..., a sufficient legal consideration for the new contract, and the *consent of the parties....*'" *Buttonwood Farms, Inc. v. Carson*, 329 Pa.Super. 312, 478 A.2d 484, 487 (1984) (Emphasis in original; citations omitted).

Plaintiff Owen argues that novation is inapplicable to this situation for several reasons. First, Owen contends that a new contract cannot extinguish an old contract unless all of the same parties are involved. Since Hampton did not sign the second note, Owen contends that Hampton did not agree to substitute the second note for the first one. Hence, there is no new contract to which it is a party and, therefore, the second note cannot constitute a novation.

Second, Owen points out that the second note contains additional language under the signature of the principal for Franklin, *i.e.*, that his signature indicating Franklin's

agreement to the new note was made "Pending Board of Directors Approval." (*See*, Exh. B to Complaint, (Doc. # 1); Exh. C to Doc. # 29). The Franklin officer who signed the note was James Duffy, identified as Franklin's administrator at the time. He testified at his deposition that he added the language under his signature because "any major contract had to go before the board." Motion of Owen Healthcare, Inc., for Partial Summary Judgment (Doc. # 23), Exh. H at 21. Since there is nothing in the record to indicate that such approval was ever obtained, Owen argues that even if a new contract between Franklin and Owen were sufficient to extinguish the liability of Hampton on the first note, there is no evidence that a new contract between Owen and Franklin came into existence when the second note was signed.

Although the record clearly establishes that the parties intended to substitute the later promissory note for the first note, (*See*, Deposition of Ronald Graham at 159, 160), the record does not establish that such intention was effected in a legally enforceable manner. We agree with Owen that the second note never rose to the level of a substituted contract. Even if we assume that the second note could constitute a novation or substituted contract absent the approval of Hampton, it is still not a valid contract since it was executed only conditionally by Duffy on behalf of Franklin. Consequently, it cannot constitute a novation, notwithstanding the intention of the parties that the second note should and ultimately would be a substituted contract.

■ Since Hampton is the party resisting summary judgment, it has the burden of coming forward with sufficient evidence of record to demonstrate that there is a genuine issue of material fact in dispute in order to justify denial of the motion where the proponent has come forward with evidence to establish that the undisputed facts require judgment in its favor. Here, although Hampton has attached a copy of the second note to its response to the motion, it has failed to demonstrate that Franklin consented to the new obligation by presenting evidence of the approval of the purported contract by Franklin's board of directors, which would have fulfilled the condition necessary for acceptance by Franklin. Hence, we conclude that such approval was never given and, therefore,. that the second note is not a valid new contract.[2]

2. It is not entirely clear whether Hampton also contends that the existence of the contract represented by the second promissory note was validated or established by the stipulation of judgment between Owen and Franklin which resolved the summary judgment motion against Franklin. It is likewise not clear whether Hampton contends that the stipulation of judgment itself constitutes a new contract which extinguishes Hampton's obligations under the first promissory note. Regardless whether Hampton adopts one or both of these positions, however, neither is supportable.

In the first instance, although the stipulation of judgment certainly appears to confirm the same obligation that Franklin undertook in the second promissory note, the fact that, in order to end litigation on that issue, Franklin recognized and accepted an obligation that it had once intended to undertake does not mean that liability on the second note could actually be established at trial. Indeed, the stipulation of judgment nowhere contains an admission of liability on Franklin's part. *See*, Stipulation of Judgment, (Doc. # 26). Thus, we see no justification for investing the stipulation of judgment with some sort of retroactive effect on the existence, validity or enforceability of the second promissory note.

Second, even if the stipulation were considered a new contract executed to resolve the issues concerning the second note, such contract is in the nature of an accord rather than a substituted contract which extinguished Hampton's liability on the second note. As noted in *Nernberg & Laffey v. Patterson*, 411 Pa.Super. 417, 601 A.2d 1237 (1991), a substituted contract is recognized as the satisfaction of a prior obligation, and therefore, eliminates such obligation whether performance occurs under the second contract or not.

As stated in *Buttonwood*, as well as in *Nernberg*, the burden of proving a substituted agreement is on the party propounding that position. Hampton has not come forward with evidence to demonstrate that there is a genuine issue of material fact in dispute with respect to whether Owen and Franklin intended that the stipulation of judgment would serve as a substitute for the first note. Consequently, we conclude that Hampton has not established that there would be a triable issue concerning whether the stipulation of judgment is a novation.

Hence, our conclusion that the stipulation of judgment is, at most, an accord which, "requires

The final argument by Hampton in opposition to summary judgment was made at a conference before the Court on July 21, 1993, subsequent to Franklin's bankruptcy petition. Hampton then argued that the entire matter should be stayed pursuant to the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362(a).

 Ordinarily, "stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers' Insurance and Annuity Association of America v. Butler,* 803 F.2d 61, 65 (2nd Cir.1986). Hampton argued that an indemnity agreement between itself and Franklin which purportedly makes Franklin, the debtor, liable for any judgment entered against Hampton, requires that the automatic stay be extended to the summary judgment motion insofar as it involves Hampton. We conclude, however, that this situation does not present unusual circumstances which require an extension of the automatic stay to proceedings against Hampton. Whether or when Hampton may enforce the purported indemnity agreement has no connection to ·Owen's case against Hampton.

Based upon our conclusion that Hampton has failed to identify a genuine issue of material fact in dispute concerning whether it should be relieved of liability on the first promissory note, which the record establishes that it executed, we will grant Owen's motion with respect to Hampton and enter judgment in favor of Owen. Since, by the terms of the note, Hampton's signature secures the performance of all obligations therein undertaken by Franklin, we will also grant plaintiff's request for the imposition of attorneys' fees and costs on Hampton. Said provisions of the order will effectively terminate all proceedings in this case involving Hampton.

Finally, we will stay all further proceedings in this case until Franklin emerges from bankruptcy or until the automatic stay is lifted.

### ORDER

**AND NOW,** this 27th day of September, 1993, upon consideration of Plaintiff's Motion for Partial summary Judgment, (Doc. # 23), and the response thereto of defendant, Hampton Hospital Group, Inc., **IT IS HEREBY ORDERED** that the motion is **GRANTED as to defendant, Hampton Hospital Group, Inc.**

**IT IS FURTHER ORDERED** that judgment is entered in favor of the plaintiff and against defendant, Hampton Hospital Group, Inc., in the amount of **$375,000 plus interest at 12% per annum from June 1, 1991 to the date the instant judgment is entered upon the record.**

**IT IS FURTHER ORDERED** that plaintiff's request for attorney fees and costs incurred in bringing this matter to judgment is **GRANTED.** Attorneys' fees in the amount of **$30,456** and costs in the amount of **$1,991.95** are awarded in favor of Owen Healthcare, Inc., and against defendant, Hampton Hospital Group, Inc., in accordance with a previously filed statement of fees and costs found in Doc. # 30, at Exh. D.

**IT IS FURTHER ORDERED** that the Court having approved a stipulated resolution of plaintiff's motion for summary judgment against defendant Franklin Square Hospital, Inc., on April 9, 1993, the remainder of defendant's motion for summary judgment is **DISMISSED as moot.**

**IT IS FURTHER ORDERED** that, in accordance with plaintiff's representations to the Court that plaintiff does not intend to proceed against defendant, Hampton Hospital Group, Inc., on any claim other than that on which judgment has been entered in this order, the remainder of the

---

actual payment or performance and is not satisfied 'by a mere promise of future performance'." *Id.* Moreover, "where the terms of an accord are breached, the non-defaulting party 'may enforce the accord, or, ... at his option enforce the underlying [*i.e.,* previous] agreement'." *Id.,* 601 A.2d at 1239. (Citations omitted). Thus,

we further conclude that since Hampton has likewise failed to produce any evidence that the payments required pursuant to the stipulation of judgment were made, Owen is perfectly free to enforce the terms of the first note, secured by Hampton.

complaint against Hampton Hospital Group, Inc., is **DISMISSED,** and the Clerk shall mark the instant case **CLOSED** as to defendant, Hampton Hospital Group, Inc.

**IT IS FURTHER ORDERED** that the Court having been advised that Franklin Square Hospital, Inc., filed a Voluntary Petition for Bankruptcy Protection on July 2, 1993, decisions on all remaining motions and all further proceedings in this case, which now involve only Franklin Square Hospital, Inc., are **STAYED** pursuant to the provisions of 11 U.S.C. § 362.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this action closed for statistical purposes and place the matter in the Civil Suspense File. The Court shall retain jurisdiction and the case will be restored to the trial docket when the action may proceed to final disposition.