Royer v. Dow Corning                    CV-94-213-M    11/01/95

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Rachel M. Royer and Ira A. Royer,
     Plaintiffs,

     v.                                          Civil No. 94-213-M

Dow Corning Corp., Dow Corning Wright,
and Wright Medical Tech.,
     Defendants.


                              O R D E R


     Ira and Rachel Royer, residents of New Hampshire, brought

this product liability action to recover from Dow Corning

Corporation ("Dow Corning"), Dow Corning Wright, Inc. ("DCW"),

and Wright Medical Technology, Inc. ("Wright Medical") for

damages allegedly caused by a defective prosthetic device used to

replace Mr. Royer's knee.  The prosthetic knee was allegedly

designed, manufactured, and/or distributed by defendants.


     Dow Corning has since filed for bankruptcy protection in the

Eastern District of Michigan, resulting in the automatic stay of

plaintiffs' case against it under §362 of the Bankruptcy Code, 11

U.S.C. §362.  It is not readily apparent that the Bankruptcy

Code's automatic stay provisions apply to defendants DCW and

Wright Medical as well, but they might.  That issue is alive and

is apparently pending both here and in the bankruptcy court. Defendants have addressed it in a curious manner, requesting and obtaining a dubious ex parte restraining order from the bankruptcy court that seems, at least indirectly, to enjoin this court's exercise of its jurisdiction. Needless to say, it is an interesting order.

**Background**

In September, 1991, Mr. Royer underwent surgery to replace one of his knees with a prosthetic joint. Subsequently, in 1993, that prothesis had to be removed and replaced. Plaintiffs contend that Mr. Royer's replacement surgery was necessary because the original joint was negligently designed and/or manufactured by one or more of the defendants.

The case took on a more complex posture on May 15, 1995, when Dow Corning filed for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan. Upon receipt of Dow Corning's suggestion of bankruptcy, this court stayed plaintiffs' action as to Dow Corning, as required by §362 of the Bankruptcy Code. See Order dated July 31, 1995. With regard to defendants DCW and

2

Wright Medical, however, the case continued (until recently) on a relatively normal course. Neither DCW nor Wright Medical claimed entitlement to a stay and neither filed a suggestion of bankruptcy.

On September 7, 1995, plaintiffs moved to compel DCW and Wright Medical to respond to discovery requests. DCW and Wright Medical objected, arguing for the first time that the automatic stay applicable to Dow Corning extended to them as well, and claiming that "plaintiffs' motion to compel . . . is, in reality, an action taken against Dow Corning in violation of the stay order and should be denied." (Defendants' Objection to Motion to Compel, at 2.) The Magistrate Judge (Muirhead, J.) disagreed and ruled that defendants had not properly raised or supported their claim that Dow Corning's bankruptcy should have the effect of staying the cases against them. Finding that DCW and Wright Medical had engaged in a pattern of conduct consistent with either inattention or a plan to mislead and "sandbag" plaintiffs, the Magistrate Judge granted plaintiffs' motion to compel and ordered defendants to pay their costs and attorney's fees. In so doing, the Magistrate Judge noted that "[n]either remaining defendant [DCW or Wright Medical] has provided the discovery due

3

plaintiff nor properly sought relief from this Court to avoid it."  Order on motion to compel, at 2.

On October 3, 1995, Dow Corning filed an application for injunctive relief in the Michigan bankruptcy court, requesting that it enjoin all parties from appearing before or participating in the litigation pending in this court.  In support of its motion, Dow Corning argued that it is the only real party in interest in this litigation because: (i) DCW no longer exists, having been merged into Dow Corning; and (ii) under an asset purchase and sale agreement between them, Dow Corning assumed all liabilities of and agreed to indemnify Wright Medical for any judgments relating to products manufactured by or acquired from Dow prior to June 30, 1993, which would include the artificial knee at issue in this case.  Upon receipt of Dow Corning's application for injunction, the bankruptcy court scheduled a hearing for November 2, 1995.

Plaintiffs responded on October 20, 1995, by filing their own motion for temporary restraining order and preliminary injunction in this court, seeking to enjoin DCW and Wright Medical from obtaining injunctive relief in the bankruptcy court.

4

Plaintiffs argued that whether the automatic stay provisions of §362 reach non-debtor defendants DCW and Wright Medical is an issue that was first raised before this court. Therefore, they suggested, defendants should be enjoined from concurrently litigating or, to the extent the issue has already been resolved here, relitigating that issue before the bankruptcy court in Michigan. To the extent the automatic stay issue remained unresolved by the Magistrate Judge's prior order, plaintiffs further requested this court to rule that §362 does not operate to stay their case against defendants DCW and Wright Medical.

Apparently upon being informed by defendants of plaintiffs' similar pending motion for equitable relief, the bankruptcy court, responding to an <u>ex</u> <u>parte</u> invitation from Dow Corning, issued an order temporarily enjoining the parties to this action from "taking any further action in furtherance of [plaintiffs'] Motion for Temporary Restraining Order and Preliminary Injunction" pending in this court.

## Discussion

The bankruptcy court's order is not precise, but it seems to enjoin this court from exercising its jurisdiction to determine

5

whether and to what extent Dow Corning's bankruptcy affects this pending action. Of course, a bankruptcy court cannot, even indirectly, enjoin a district court from determining whether §362 of the Code operates to stay pending district court litigation involving non-debtor defendants. The law is not ambiguous on the point; both this court and the bankruptcy court have concurrent jurisdiction to decide such questions.

> The automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding. As we have noted, other district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.

Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990). See also In re Baldwin-United Corp. Litigation, 765 F.2d 343, 347 (2nd Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."); Cisneros v. Cost Control Marketing & Sales Mngt., 862 F.Supp. 1531, 1533 (W.D.Va. 1994) ("This [district] court and the bankruptcy court share concurrent jurisdiction to

6

determine whether the automatic stay applies to this proceeding. . .." ).

Nevertheless, apparently fearful that this court might resolve the stay issue before it did, or in a manner not to its liking, the Michigan bankruptcy court sought to effectively divest this court of its own jurisdiction by indirection — that is, by ordering the litigants not to litigate here (or perhaps more accurately, not to invoke this court's equitable jurisdiction to obtain an order like the one the bankruptcy court itself issued).

Whether the bankruptcy court's order represents little more than an unfortunate acceptance of Dow Corning's invitation to attempt to enjoin this court, or represents a determined effort to establish some principle of jurisdictional exclusivity, the order should not have issued. In circumstances nearly identical to those presented here, Circuit Judge Easterbrook of the Court of Appeals for the Seventh Circuit, sitting by designation on the United States District Court for the Northern District of Illinois, expressed his own reservations when a bankruptcy court purported to issue a similar temporary restraining order,

7

ostensibly preventing litigants in the district court from pursuing a pending motion related to the automatic stay's reach. Judge Easterbrook wrote, "On learning of this preposterous order (I practically fell out of my chair, and I have a sturdy chair), I entered [an] order of my own." Matter of Mahurkar Double Lumen Hemodialysis Cath., 140 B.R. 969, 972 (N.D.Ill. 1992). Turning to a discussion of the governing federal law, he explained:

> Bankruptcy judges possess authority, by a combination of 11 U.S.C. §105(a) and 28 U.S.C. §157(b)(2), to issue injunctions in core proceedings. Enforcement of the automatic stay against fresh litigation or the continuation of old litigation on the merits is a core proceeding. But the extension of the statute to forbid any other court from cogitating the meaning of §362, and proceeding to the extent that statute allows, is not a core proceeding. . . .
>
> For one federal court to issue an injunction forbidding litigation in another is extraordinary, given principles of comity among coordinate tribunals. For a bankruptcy judge to issue an injunction with the effect of preempting resolution of a pending motion in a district court is unheard of. Well, perhaps not un-heard of. I found one case in which a bankruptcy court did so, and the district judge brushed the order aside in derision, treating the order as so patently unauthorized that no further explanation was warranted.

Id. at 974 (citations omitted). In the case referenced by Judge Easterbrook, the District Court for the District of South Dakota also faced a situation in which a bankruptcy court had endeavored (ultimately unsuccessfully) to enjoin litigants from proceeding

8

in a case pending before the district court.  Unlike Judge Easterbrook, however, that court was unintrigued and unamused by the bankruptcy court's action, summarily rejecting it as ultra vires:

> While the bankruptcy court has the authority in some circumstances to enjoin parties from proceeding with actions in state court, section 105 does not authorize a bankruptcy court to enjoin parties from proceeding in a federal district court.  This portion of the bankruptcy court's order of June 18, 1987, is dissolved.

Lower Brule Const. v. Sheesley's Plumbing & Heating Co., 84 B.R. 638, 644 (D.S.D. 1988).

To date, the bankruptcy court in Michigan has not ruled that §362 operates to stay this action against the non-debtor defendants, nor has this court.[1]  Nor has the bankruptcy court

---

[1]  In what might constitute at least an implicit recognition of this court's concurrent jurisdiction to determine whether §362 operates to stay any part or all of this case, the Michigan bankruptcy court acknowledged that "the question of the applicability of the automatic stay to (New Hampshire case co-defendants) Dow Corning Wright, Inc. and Wright Medical Technologies, Inc. _must_ _have_ _been_ _raised_ _and_ _decided_ _adversely_ _to_ _those_ _parties_."  Order of Bankruptcy Court at 2 (October 24, 1995) (emphasis added).  The bankruptcy court's conclusion, however, is not correct.  The Magistrate Judge's order suggests that while Wright Medical and DCW may have alluded to their claim that §362 should operate as a stay with regard to them as well as Dow Corning, they failed to properly raise that issue, and the

made the predicate findings necessary to enjoin the parties from participating in this case under either §362 or §105 of the Code. See, e.g., In re A.H. Robbins Co., Inc., 828 F.2d 1023, 1026 (4th Cir. 1987) ("To enjoin a creditor's action against a codebtor under section 105, the debtor must show, inter alia, irreparable harm to the bankruptcy estate if the injunction does not issue."), cert. denied, 485 U.S. 969 (1988); A.H. Robbins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986) ("there must be `unusual circumstances' and certainly `something more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties.') (quoting Matter of Johns-Manville Corp., 26 B.R. 405, 410 (S.D.N.Y. 1993)), cert. denied, 479 U.S. 876 (1986); Owen Healthcare, Inc. v. Franklin Square Hosp., 159 B.R. 453, 457 (E.D.Pa. 1993) (mere existence of indemnitee agreement between debtor and non-debtor/defendant did not justify extension of automatic stay to proceedings against non-debtor/defendant). See generally Collier on Bankruptcy, §105.02 at 105-5 (15th ed.).

---

Magistrate Judge therefore declined to address it immediately. The issue remains unresolved.

Instead, the bankruptcy court simply declared that a temporary restraining order was warranted "in order to protect this [bankruptcy] Court's jurisdiction over that question [presumably whether the automatic stay should extend to the codefendants]." Order of Bankruptcy Court at 3. That restraining order was obviously unnecessary (and unavailable) to protect the bankruptcy court's concurrent jurisdiction over the automatic stay issue, and the bankruptcy court has no exclusive jurisdiction to protect.

At this juncture however, there is no need to posture over who should first resolve the issue, or for this court to also fall out of its sturdy chair. It is sufficient to note and correct the error, dissolve the bankruptcy court's injunction, and put this matter back on an orderly track. That track has been simplified somewhat in the interim. Counsel for plaintiffs notified this court that the parties "have reached an agreement for the entry of an Agreed Order for Injunctive Relief that will be filed with the United States Bankruptcy Court for the Eastern District of Michigan on November 2." Accordingly, it appears that the parties may have resolved the automatic stay issue on their own by agreeing to the effect it should have on this case.

11

While it is not entirely clear what the bankruptcy court's temporary restraining order was actually intended to do, it is, as discussed, quite clear that a bankruptcy court cannot by preemptive injunction either directly or indirectly deprive a district court of its concurrent jurisdiction to determine the extent to which the automatic stay provisions of § 362 might affect litigation pending before that district court.  Matter of Mahurkar Double Lumen Hemodialysis Cath., supra.  Thus, to the extent the bankruptcy court's temporary restraining order dated October 24, 1995, purports to do so "in order to protect [its] [concurrent] jurisdiction over that question," the bankruptcy court's temporary restraining order is hereby dissolved, and is not enforceable against the parties to this litigation.

To the extent the bankruptcy court's injunction purports to enjoin the parties from invoking this court's independent equitable jurisdiction under either the All Writs Act, 28 U.S.C. § 1651(a), or other applicable law to consider and rule upon petitions for extraordinary equitable relief, it is likewise entirely ineffective and is hereby dissolved, and is not enforceable against the parties to this action.

12

Although the parties have apparently agreed to some form of injunctive relief in the bankruptcy court, the effect of which presumably will be no more than to extend the automatic stay provisions to the codefendants in this case, all concerned should understand that even an "agreement" for injunctive relief cannot operate to enjoin this court's exercise of its jurisdiction. Assuming that the agreed upon relief in the bankruptcy court, however fashioned, will not purport to divest this court of its jurisdiction to act in matters properly before it, either directly or indirectly, and that the bankruptcy court will promptly resolve the pending issue regarding the automatic stay's reach, no further action need be taken by this court. Plaintiffs' counsel shall promptly notify this court of any order or agreement affecting the management or disposition of this case.

In light of the foregoing, plaintiffs' motion for temporary restraining order and preliminary injunction (document no. 22) is denied.

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

November 1, 1995

cc:  David S. Blatt, Esq.
     Lawrence S. Smith, Esq.
     Kenneth C. Brown, Esq.