William Wayne PICCO,
Plaintiff–Appellee,

v.

**GLOBAL MARINE DRILLING COMPA-
NY, and Crosbie Offshore Services,
Ltd., Defendants–Appellants.**

No. 88–6204.

United States Court of Appeals,
Fifth Circuit.

May 15, 1990.

Kenneth G. Engerrand, G. Byron Sims, Houston, Tex., for Crosbie Offshore Services, Ltd.

M. Susan Hardie, Marion E. McDaniel, Jr., Houston, Tex., for Global Marine Drilling Co.

Gary M. Riebschlager, Houston, Tex., for Picco.

Before JOHNSON, WILLIAMS and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

Appellants Global Marine Drilling Company (Global Marine) and Crosbie Offshore Services, Ltd. (Crosbie) appeal two orders of the district court. The first set aside a two-year-old *forum non conveniens* dismissal of appellee William Wayne Picco's (Picco) personal injury claim. The second redismissed the claim with new conditions allowing Picco to refile in Texas court. We vacate both orders and reinstate the original dismissal of Picco's claim.

### Facts and Proceedings Below

On July 14, 1982, Picco sued Global Marine and Crosbie in the United States District Court for the Eastern District of Texas, Beaumont Division. He sought recovery under various federal statutes, general United States maritime law, and Texas law for injuries he allegedly suffered aboard the D/S GLOMAR ATLANTIC, a United States flag mobile drilling rig moored in Canadian waters. The GLOMAR ATLANTIC was operated by Global Marine, a United States corporation headquartered in Texas. Picco is a Canadian citizen. Crosbie is a Canadian corporation, serving as Canadian hiring agent for Global Marine.

Global Marine and Crosbie eventually moved for a dismissal on the ground of *forum non conveniens*. The case was consolidated with two other lawsuits that raised similar issues, and the district court denied all three motions in a single opinion. *Munusamy v. McClelland Eng'rs., Inc.,* 579 F.Supp. 149 (E.D.Tex.1984). Upon a motion for writ of mandamus, however, this Court requested that the district court certify its interlocutory order for appeal. *In re McClelland Eng'rs., Inc.,* 742 F.2d 837, 839 (5th Cir.1984). It promptly did so, and on appeal we reversed and remanded with instructions to redetermine the *forum non conveniens* issue. *McClelland Eng'rs., Inc. v. Munusamy,* 784 F.2d 1313, 1320 (5th Cir.1986).

While the interlocutory appeal was pending before this Court, Global Marine filed

for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code. At about the same time, Crosbie entered bankruptcy proceedings in Canada. The district court in this case received formal notice of the bankruptcy court's automatic stay[1] on April 23, 1986, almost exactly one month after our ruling on the interlocutory appeal. In response to the bankruptcies, the district court severed Picco's claim from the other consolidated cases and suspended it pending a bankruptcy court ruling on Picco's motion to lift the automatic stay.

Before that stay was lifted, however, the district court entered its "Final Order Dismissing Action" on September 4, 1986. In this order, the court stated that the pending bankruptcy made it unnecessary to keep Picco's action on its docket and held that American law did not apply to the claim. For those reasons, the district court dismissed the cause without prejudice on the ground of *forum non conveniens.* Picco filed no appeal from the dismissal, nor did he object to its being entered while the automatic stay was in effect.

On February 18, 1987, the bankruptcy court in Houston entered an agreed order modifying the automatic stay. At the time, a number of plaintiffs, including Picco, claimed a right to recover against Global Marine for personal injuries, and the agreed order allowed these plaintiffs to commence their actions and proceed with discovery and other pretrial matters. On September 25, 1987, the bankruptcy court

entered a second agreed order allowing the actions to continue on to trial. Sometime during this period, Picco refiled his lawsuit against Global Marine and Crosbie in Canadian court.

But Picco eventually became dissatisfied with his progress in Canada, for reasons the record fails to reveal. Meanwhile, the United States Supreme Court rendered its opinion in *Chick Kam Choo v. Exxon,* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). That case held that a federal *forum non conveniens* dismissal was not *per se* necessarily *res judicata* of the appropriateness of the state courts as a forum for the same litigation, and that the Anti-Injunction Act[2] therefore barred a federal district court from enjoining a state court from hearing a case after a federal *forum non conveniens* dismissal unless the issues raised in the state proceeding had been directly decided by the federal court.

In light of these developments, Picco decided that he should have refiled his action in Texas state court rather than in Canada. But by the time he came to this conclusion, the statute of limitations for filing an action in Texas courts had long since expired. Thus, on August 22, 1988, Picco filed a Rule 60(b)[3] motion with the district court below, asking it to set aside its 1986 final judgment and redismiss the case with conditions allowing him to refile in Texas court not subject to limitations having run.

This twist worked. On October 6, the district court set aside the prior dismissal.

---

1. Section 362(a), 11 U.S.C., provides in part:
   "[A] petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
   (1) the commencement or continuation ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title...."

2. The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

3. In pertinent part, Fed.R.Civ.P. 60(b) provides:

"On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not

On November 14, it again dismissed the action without prejudice on the ground of *forum non conveniens*, this time with a specific caveat that the court had not determined whether Texas state courts were an appropriate forum under Texas law. The dismissal also included a number of conditions preventing the defendants from asserting the statute of limitations and other defenses against Picco's claim in the Texas courts. Crosbie and Global Marine filed this appeal.

## Discussion

▮ The sole issue on appeal is whether the district court abused its discretion when it set aside the 1986 dismissal of this case.[4] *E.g., Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981). Of the six enumerated grounds for relief under Rule 60(b), only the last three are at issue in the present case.[5] The district court did not specify which of the remaining three Rule 60(b) subsections it relied upon in its decision to grant Picco's motion. Rather, it simply noted two factors as its justification for granting relief: the pendency of the bankruptcy court's automatic stay and the assertedly changed circumstances caused by the reversal of this Court's decision in *Exxon Corp. v. Chick Kam Choo,* 817 F.2d 307 (5th Cir.1987), *rev'd,* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988).

### I. *The Effect of the Automatic Stay*

▮ Rule 60(b)(4) allows relief from judgments that are "void." Picco argues

---

more than one year after the judgment, order, or proceeding was entered or taken."

**4.** Counsel for Picco suggested for the first time in oral argument that the 1986 dismissal was not an appealable final judgment under 28 U.S.C. § 1291, based solely on the prefatory language of the order, which stated in part that the court "retain[ed] jurisdiction to vacate said order and to reopen the action upon cause being shown that further litigation is necessary." This argument was not presented to nor passed on by the district court, nor was it raised in the briefs to this Court, nor indeed at any time prior to the afternoon of oral argument. It is therefore not properly preserved for appeal, and we need not reach it. *E.g., Clark v. Aetna Cas. & Sur. Co.,* 778 F.2d 242, 249 (5th Cir.1985).

In any case, the claim is meritless. The order in question is entitled "Final Order Dismissing Motion" and concludes by stating:

"It is, therefore,

"ORDERED, ADJUDGED and DECREED that this case is DISMISSED for resolution in an appropriate foreign forum.

"It is further ORDERED, ADJUDGED and DECREED that all of Plaintiff's pending motions are DENIED."

Where, as here, the district court clearly intends to effect a final dismissal of a claim, we will construe its order accordingly, despite ambiguous language that might indicate otherwise "if considered in isolation and construed literally." *Cuevas v. Reading & Bates Corp,* 770 F.2d 1371, 1375 (5th Cir.1985). In this case, the district court and all parties in the case have clearly assumed all along that the 1986 dismissal was a final judgment, evidenced most obviously by the fact that plaintiff sought and the court granted relief from that judgment under Rule 60(b), which describes the procedure in federal court for obtaining relief from a "final judgment, order, or proceeding." The dismissal had the practical effect of a dismissal without prejudice, and the bare possibility that the district court might ultimately reassume jurisdiction over the case in the event of some unspecified future contingency does not prevent the order from becoming appealable. We held in *Koke v. Phillips Petroleum Co.,* 730 F.2d 211, 216 (5th Cir.1984), that a conditional dismissal on *forum non conveniens* grounds was an appealable final order even though a failure to comply with the conditions of the dismissal could result in the district court's reassertion of jurisdiction. Our rationale was that such conditional dismissals are the functional equivalents of a dismissal without prejudice notwithstanding the possibility that the court may eventually reassert jurisdiction. The reasoning of *Koke* applies *a fortiori* here.

Finally, in his brief to this Court tendered for filing more than three months after argument, Picco proposes yet another argument for dismissal of this appeal. He contends that the October 1988 order granting Rule 60(b) relief was interlocutory and unappealable. In addition to being inexcusably late, Picco's argument is utter nonsense. The order was interlocutory, but it was followed by a final dismissal on November 14. In appealing from that final judgment, of course Global Marine and Crosbie may challenge the October order granting Rule 60(b) relief as well. For these reasons, Picco's post-argument motion to dismiss the appeal is denied.

**5.** Motions for relief under Rule subsections (1)–(3) must be brought within one year of the date that the order or judgment becomes final. Fed. R.Civ.P. 60(b). In this case, the motion came nearly two years after the entry of the order in question.

that the bankruptcy court's automatic stay prohibited the district court from proceeding in any way in his personal injury action and therefore divested the district court of jurisdiction to enter the dismissal. Thus, Picco argues, the dismissal was void, and the district court had authority to set it aside under Rule 60(b)(4).

The record indicates, however, that the district court was fully aware of the automatic stay, and therefore implicitly concluded that its dismissal was consistent with its terms. Picco did not object or appeal to challenge the district court's jurisdiction.

▄▄ The automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding. As we have noted, other district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay. *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir.1986). A court's determination of its own jurisdiction is subject to the principles of *res judicata;* it generally may not be challenged in a collateral proceeding. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 2104 n. 9, 72 L.Ed.2d 492 (1982); *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 319, 84 L.Ed. 329 (1940). This bar applies whenever the party challenging the judgment has the opportunity to raise the jurisdictional issue but fails to do so. *Chicot County*, 60 S.Ct. at 320.

A number of decisions rendered in other circuits have extended the principles of *Chicot County* to the analogous context of Rule 60(b)(4) motions. *See, e.g., Nemaizer v. Baker*, 793 F.2d 58, 64–65 (2d Cir.1986); *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir.), *cert. denied*, 449 U.S. 955, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980); *Marshall v. Board of Education*, 575 F.2d 417, 422–23 (3d Cir.1978); *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir.1972). We agree with this approach, at least where, as here, the challenging party was before the court when the order in question was entered and had notice of it and had a full and fair, unimpeded opportunity to challenge it, and the court's jurisdiction, by appeal. Therefore, Picco is now barred from challenging the district court's jurisdiction in a Rule 60(b)(4) proceeding.[6]

▄▄ In any case, even if the district court's decision did violate the automatic stay when it was entered, the bankruptcy court's order lifting the stay cured any defect. We recently held in *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir. 1989), that actions taken in violation of an automatic stay are not *void*, but rather that they are merely *voidable*, because the bankruptcy court has the power to annul the automatic stay pursuant to section 362(d).[7] *Sikes* involved exactly the same order lifting the stay as is involved in Picco's litigation. Sikes, like Picco, was one of several personal injury plaintiffs included in the blanket orders lifting the stay in Global Marine's bankruptcy. Sikes had filed his case in clear violation of the automatic stay, but this Court held that the filing was validated by the bankruptcy court's blanket order lifting the stay. If the order validated the filing of a lawsuit by a creditor against the debtor in blatant

---

6. This is not a case in which there is a "clear usurpation of power" or "total want of jurisdiction" that might make Rule 60(b)(4) relief an appropriate avenue for challenge to the district court's determination of jurisdiction. *See Nemaizer v. Baker, supra,* at 65. Although we express no opinion on the matter, we note that there is ample authority supporting the proposition that an order dismissing a creditor's action against the debtor is completely consistent with provisions of the automatic stay. *See, e.g., Den-*

*nis v. A.H. Robins Co.*, 860 F.2d 871 (8th Cir. 1988).

7. Section 362(d), 11 U.S.C., provides:
   "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
   "(1) for cause. . . ."

violation of the stay, *a fortiori* the same order cured any defect in the district court's original dismissal of Picco's claim. *Cf. Dennis v. A.H. Robins Co.*, 860 F.2d 871 (8th Cir.1988).

## II. *The Effect of the Reversal of Chick Kam Choo*

In its October order, the district court also relied on the "substantial change in the law" brought about by the reversal of this Court's opinion in *Exxon Corp. v. Chick Kam Choo*, 817 F.2d 307 (5th Cir. 1987), *rev'd*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). Picco argues that this alleged change justifies relief from the 1986 dismissal under Rule 60(b)(5) and Rule 60(b)(6).

### A. *Relief under Rule 60(b)(5)*

■ Rule 60(b)(5) authorizes relief from a final judgment when (1) "the judgment has been satisfied, released, or discharged," or (2) "a prior judgment upon which it is based has been reversed or otherwise vacated," or (3) "it is no longer equitable that the judgment should have prospective application." Picco does not specify which of these clauses he thinks applies to his case.

The first clause is obviously inapplicable, because no judgment has been satisfied or discharged. Nor does the second apply. The 1986 dismissal could not have been based in any way on our decision in *Chick Kam Choo*, because the district court's dismissal was issued on September 4, 1986, while our decision in *Chick Kam Choo* was not rendered until May 21, 1987, and it was *res nova* when rendered. Moreover, "[f]or a decision to be 'based on' a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense." *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir.1990) (quoting with approval *Lubben v. Selective*

Service System, 453 F.2d 645, 650 (1st Cir. 1972)). *Chick Kam Choo* was irrelevant to the dismissal of Picco's claim.

The third clause is also inapplicable. It applies only to final judgments with prospective application. *E.g., Cook v. Birmingham News*, 618 F.2d 1149, 1151 (5th Cir.1980). The only arguably prospective effect of the 1986 dismissal is that it precludes relitigation of the issues decided, which clearly is not enough. *See Bailey*, 894 F.2d at 160; *Cook*, 618 F.2d at 1152.[8] It was therefore an abuse of discretion to grant Picco relief under Rule 60(b)(5).

### B. *Relief under Rule 60(b)(6)*

■ Finally, Picco invokes Rule 60(b)(6), which allows relief from a final judgment for "any other reason justifying relief." Relief under this section, however, should be granted "only if extraordinary circumstances are present." *Bailey*, 894 F.2d at 160. Picco claims that the reversal of our decision in *Chick Kam Choo*, which assertedly removed the threat of sanctions for refiling Picco's claim in state court, created sufficiently extraordinary circumstances to warrant relief. As we have recently held, however, "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment." *Id.* Moreover, as noted, the dismissal here was more than eight months before our *res nova* decision in *Chick Kam Choo* (which was an appeal from the United States District Court for the Southern District of Texas), the Supreme Court ultimately reversed our *Chick Kam Choo* decision, and the bankruptcy court had lifted the stay to allow the filing of suits more than three months before we decided *Chick Kam Choo*. Thus, it was an abuse of discretion to grant relief under Rule 60(b)(6).

## Conclusion

For the foregoing reasons, we vacate the orders entered by the district court on Oc-

---

**8.** *Kirksey v. City of Jackson*, 714 F.2d 42 (5th Cir.1983), does not hold to the contrary, but rather *sustained* the denial of Rule 60(b)(5) relief in a wholly different setting from the

present. *Cf. Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139–40 (D.C.Cir. 1988).

tober 6 and November 14, 1988, and reinstate the original dismissal entered on September 4, 1986.

REVERSED.