**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 95-40856

Summary Calendar.

Tyrone Lamel WITHERSPOON, Plaintiff-Appellant,

v.

Ivan WHITE, in his official capacity as Warden, FCI Texarkana; Janet Reno, in her official capacity as U.S. Attorney General; Up Springfellow, in his official capacity as Doctor, FCI Texarkana, Wade Lee Medical Center, Texarkana, Arkansas; Kathleen Hawk, in her official capacity as Director of U.S. Bureau of Prisons, CMC Cord Texarkana, AR, FCI, Defendants-Appellees.

May 2, 1997.

Appeal from the United States District Court for the Eastern District of Texas.

Before JOHNSON, WIENER and DENNIS, Circuit Judges.

JOHNSON, Circuit Judge:

Tyrone Lamel Witherspoon appeals the dismissal of his 42 U.S.C. § 1983 action. However, because the district court failed to render a final judgment in this action, we dismiss the present appeal for lack of jurisdiction.

## I. Facts and Procedural History

Witherspoon, a federal prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Warden Ivan White, United States Attorney General Janet Reno; a physician at the Federal Correctional Institute in Texarkana, Texas, Dr. Stringfellow; Director of United States Bureau of Prisons Kathleen

1

Hawk (federal defendants);[1] and Wadley Medical Center (Wadley), alleging that the defendants violated his Eighth Amendment rights by failing to provide medical treatment and a safe environment. In Witherspoon's complaint, he requested appointment of counsel. The magistrate judge denied this request and stated that the questions presented in this action were "rather routine" and "that the applicable law [was] well settled." Furthermore, the magistrate judge found that Witherspoon was "able to articulate his claim," thus alleviating the need for assistance of counsel.[2]

Wadley filed an answer to Witherspoon's complaint. The federal defendants, however, filed a motion to dismiss, or alternatively, a motion for summary judgment. The magistrate judge ordered Witherspoon to respond to the federal defendants' motion. Witherspoon filed a handwritten letter, requesting the assistance of appointed counsel in order to respond to the federal defendants' motion. Additionally, Witherspoon made a third request for the appointment of counsel in a formal motion drafted with the help of a fellow inmate. Apparently, neither the magistrate nor district judge reconsidered Witherspoon's potential need for appointment of

---

[1]Witherspoon filed his petition against all of the defendants pursuant to § 1983. However, because some of the defendants alleged to have violated Witherspoon's Eighth Amendment rights are federal defendants, we construe his complaint against them as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Stephenson v. Reno,* 28 F.3d 26, 26 n. 1 (5th Cir.1994).

[2]Jurisdictional defects prohibit this court from addressing the merits of whether the district court's denial of appointment of counsel was improper. However, we note that substantial issues involving Witherspoon's competency to represent himself were raised on appeal.

counsel at this juncture in the litigation; indeed, no specific ruling on either of these last two requests appears in the record.

The magistrate judge reviewed the federal defendants' motion to dismiss and alternative motion for summary judgment and recommended granting the motion as a motion for summary judgment.[3] After the magistrate judge made his report and recommendation to the district court, Wadley filed its own motion for summary judgment, which neither the magistrate judge nor the district court appears to have ever reviewed.

The district court adopted the magistrate judge's report and recommendation regarding the federal defendants' motion and issued a separate final judgment in accordance with Federal Rule 58. In the district court's final judgment, the court granted the "defendants' motion to dismiss"[4] and purported to dismiss Witherspoon's entire complaint with prejudice. *See* discussion *infra* pp. ---- - ----. Witherspoon filed a notice of appeal from

---

[3]The magistrate judge found that Witherspoon had failed to demonstrate that the federal defendants acted with deliberate indifference to a serious medical need or to his safety needs. Thus, Witherspoon had failed to prove that the federal defendants violated his Eighth Amendment rights. Additionally, the magistrate judge found that the federal defendants were entitled to qualified immunity due to Witherspoon's inability to allege a constitutional deprivation.

[4]The district court stated that it granted the "defendants' motion to dismiss." However, the magistrate judge recommended that the defendants' motion be granted as a motion for summary judgment. The district court, prior to entering its final judgment order, issued a memorandum order adopting the magistrate's report and recommendation and stated that "final judgment will be entered in this case in accordance with the magistrate judge's recommendations." Therefore, we construe the district court's final judgment order as granting the federal defendants' motion for summary judgment.

the district court's entry of "Final Judgment."

## II. Discussion

None of the parties to this action have raised the issue of the existence of appellate jurisdiction; nevertheless, we are obligated to raise the matter on our own motion. *See United States v. Garner,* 749 F.2d 281, 284 (5th Cir.1985). In general, federal appellate courts have jurisdiction pursuant to 28 U.S.C. § 1291 to hear appeals from "final decisions," although in limited circumstances, an appellate court's jurisdiction may extend to reviewing nonfinal or interlocutory orders.[5]

A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (internal quotations and citations omitted); *see also Pan Eastern Exploration Co. v. Hufo Oils,* 798 F.2d 837, 838 (5th Cir.1986). Merely labeling a judgment as final does not make it so. *See Stillman v. Travelers Ins. Co.,* 88 F.3d 911, 913 (11th Cir.1996). The order must adjudicate the rights and liabilities of all parties properly before the court. *See Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1374 (5th Cir.1980). In circumstances in which a court order is ambiguous as to what parties and claims are being disposed of and

---

[5]By statute federal courts may hear appeals from certain interlocutory orders pursuant to 28 U.S.C. § 1292. Additionally, courts have created certain narrow exceptions allowing appeals of orders that are determined not to be final. These exceptions include the collateral order exception, the death knell exception, and pragmatic finality. *See* 15A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE §§ 3911–3913 (2d ed. 1991).

"the district court ... intend[ed] to effect a final dismissal of a claim, we will construe its order accordingly, despite ambiguous language that might indicate otherwise." *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 849 n. 4 (5th Cir.1990); *see also* 15A WRIGHT, ET AL., *supra,* § 3914.6. However, when the record clearly indicates that the district court failed to adjudicate the rights and liabilities of all parties, the order is not and cannot be presumed to be final, irrespective of the district court's intent. *See Patchick v. Kensington Publishing Corp.,* 743 F.2d 675, 677 (9th Cir.1984) (holding that when the record indicates that a served defendant remains a party to an action, the court cannot assume finality).

In the present case, the district court issued an order entitled "Final Judgment," apparently intending to dismiss Witherspoon's case in its entirety. In the order, the court granted the "defendants' motion to dismiss" and denied all other outstanding motions. The face of the order appears unclear as to whom the district court is referring when it states "defendants' motion to dismiss." As stated above, the federal defendants filed a motion to dismiss, or alternatively, a motion for summary judgment and Wadley filed a separate motion for summary judgment. However, after thoroughly reviewing the record, we find that the district court only granted the federal defendants' motion.

First, the court granted "defendants' motion to dismiss," whereas Wadley never filed a motion to dismiss. The federal defendants, however, file a motion titled, "Defendants' Motion to

5

Dismiss or Alternatively, Motion for Summary Judgment." Thus, when the district court used the phrase "defendants' motion to dismiss" the court was simply referencing the name of the specific document filed by the federal defendants. Second, the district court issued its judgment in accordance with the magistrate judge's report and recommendation which dealt solely with the federal defendants' motion. While the magistrate never specifically addressed for which defendants he recommended granting summary judgment, it is clear after reviewing the record that the recommendation applied only to the federal defendants. The record indicates that Wadley was not represented in this action by the United States Attorney who filed the motion reviewed by the magistrate judge, and that Wadley did not file its separate motion for summary judgment until after the magistrate judge issued his report. Thus, Wadley's motion was never before the magistrate judge.

Because we find that the district court was solely granting the federal defendants' motion for summary judgment in its final judgment order, Wadley's motion for summary judgment remained live and undetermined. The record indicates that neither the district court nor the magistrate judge ever ruled on Wadley's motion. Moreover, Wadley's motion asserted different grounds than those asserted by the federal defendants, and the magistrate's report, which the district court adopted, did not address the grounds asserted by Wadley. Further complicating matters, the district judge stated in its final judgment order that "all motions by either party not previously ruled on [were] denied." Normally,

6

this phrase is merely boilerplate language used by district courts to insure the finality of their order. In the present case, however, the district court actually achieved an inverse result. Since the district court had not ruled on Wadley's motion, the final judgment order effectively denied Wadley's motion for summary judgment and left Wadley as a party to the action with Witherspoon's claims against Wadley intact. Irrespective of the district court's intent to dismiss Witherspoon's entire action and issue a final judgment, we hold that Witherspoon's claims against Wadley are still viable and that the district court's "Final Judgment" order lacks finality.

We do, however, recognize that a decision failing to adjudicate the rights and liabilities of all parties, while not technically final, can be certified as final pursuant to Federal Rule of Civil Procedure 54(b). *See Thompson v. Betts,* 754 F.2d 1243, 1245 (5th Cir.1985). In certifying a decision as final for appellate jurisdiction purposes, the district court must comply with the requirements set out in Rule 54(b). *See id.* Until the district court makes an express determination that no just reason for delay exists and expressly directs entry of judgment, finality will not attach to an order that disposes of some but not all of the defendants. *See* FED. R. CIV. P. 54(b); *see also Kelly v. Lee's Old Fashioned Hamburgers, Inc.,* 908 F.2d 1218, 1220 (5th Cir.1990) (en banc) (interpreting Rule 54(b) as requiring the language of the order appealed from to "reflect[ ] the district court's unmistakeable intent to enter a partial final judgment under Rule

7

54(b)"). Thus, when the district court fails to clearly indicate that a judgment disposing of less than all parties was entered pursuant to Rule 54(b), the judgment is not considered final. *See Thompson,* 754 F.2d at 1245 (holding that absent a Rule 54(b) certification, a partial disposition of a multi-party action is not a final decision under § 1291); *Brookens v. White,* 795 F.2d 178, 179 (D.C.Cir.1986) (stating that it is "elementary that a grant of summary judgment as to some parties in multi-party litigation does not constitute a final order unless the requirements of Fed.R.Civ.P. 54(b) are met").

In the instant case, there is no indication in the record that the district court certified its final judgment order pursuant to Rule 54(b) or that any of the parties ever sought such a ruling. *See Thompson,* 754 F.2d at 1245-46. Accordingly, the district court's order can not be viewed as a Rule 54(b) judgment. Furthermore, while certain other exceptions to the final judgment rule may allow appellate courts to hear appeals from otherwise interlocutory judgments, none of these exceptions apply to the present case. The district court has left a substantial part of the action intact and must dispose of Witherspoon's claims against Wadley before the court's order may be deemed final and reviewable.

### III. Conclusion

The district court attempted to enter a final judgment in the present case. However, the court neglected to adjudicate the rights and liabilities of Wadley, a party properly before the court. Because of the district court's failure to dispose of all

8

parties to the litigation, we find that the "Final Judgment" order lacks finality thus depriving this court of appellate jurisdiction pursuant to 28 U.S.C. § 1291.  For this reason, the appeal is

DISMISSED.