IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41168
Conference Calendar
_____


TYRONE LAMEL WITHERSPOON,

Plaintiff-Appellant,

versus

IVAN WHITE, in his official capacity as Warden, Federal
Correctional Institute Texarkana; JANET RENO, in her official
capacity as U.S. Attorney General; JERRY STRINGFELLOW, in his
official capacity as Doctor, Federal Correctional Institute
Texarkana; WADLEY REGIONAL MEDICAL CENTER; KATHLEEN HAWK SAWYER,
in her official capacity as Director, U.S. Bureau of Prisons,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:94-CV-51
--------------------
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges

PER CURIAM:[*]

Tyrone Lamel Witherspoon appeals summary judgments

dismissing his claims against defendants affiliated with the

Federal Correctional Institute, Texarkana, Texas ("FCI

defendants") and the Wadley Regional Medical Center ("medical

center"). Witherspoon contends that the FCI defendants failed to

protect him from being stabbed by a fellow prisoner and that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FCI defendants and the medical center denied him medical care after he was stabbed. Witherspoon characterized his action as one made pursuant to 42 U.S.C. § 1983 rather than <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). However, because Witherspoon alleged civil rights violations by federal defendants, the court construes his complaint as a <u>Bivens</u> action. <u>See</u> <u>Stephenson v. Reno</u>, 28 F.3d 26, 26 n.1 (5th Cir. 1994).

The claims against the FCI defendants were dismissed when the district court adopted the magistrate judge's report and recommendation concluding that Witherspoon had failed to raise a contested issue of fact as to any FCI defendant's deliberate indifference to Witherspoon's safety or medical needs. Witherspoon appealed the summary judgment, but the appeal was dismissed because the judgment was not final as to all of the defendants. <u>See</u> <u>Witherspoon v. White</u>, 111 F.3d 399, 402-03 (5th Cir. 1997). Witherspoon and the medical center, the remaining defendant, consented to refer the case to the magistrate judge, who granted summary judgment based on Witherspoon's failure to raise a contested issue of material fact as to the medical center's deliberate indifference to his medical needs.

A grant of summary judgment is reviewed <u>de novo</u> under the same standards applied in the district court. <u>Amburgey v. Corhart Refractories Corp.</u>, 936 F.2d 805, 809 (5th Cir. 1991). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "'there is no genuine issue as to any material fact and . . . the moving party is

entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, not every injury of one prisoner by another "translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To establish a failure-to-protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. If the inmate establishes no more than a claim of negligence, his claim fails. See Neals, 59 F.3d at 533.

Witherspoon alleges only that he was attacked by another inmate while in federal custody. He has not alleged any fact or produced any evidence to show that any defendant knew that Witherspoon was at risk of being attacked or that any defendant failed to take any reasonable measure to protect him. Witherspoon thus fails to raise any contested issue of fact that is material to his failure-to-protect claim, and the F.C.I. defendants were entitled to summary judgment on that claim.

The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice, or a prisoner's disagreement with prison officials regarding medical treatment are insufficient to establish an unconstitutional denial of medical care. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Witherspoon must prove facts that "clearly evince the medical need in question and the alleged official dereliction." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (internal quotation and citation omitted).

The defendants presented uncontested evidence that Witherspoon received constitutionally adequate medical care. They showed that he reported to the institution's health services department with several stab wounds. After being examined by a physician's assistant, he was immediately transported to an outside hospital where further examination by medical doctors and a surgeon revealed that the stab wounds were superficial. Witherspoon's condition was stable, and he was returned to the prison on August 14. On August 16, he reported again to the health services department complaining of weakness in his extremities and difficulty walking, but the physician's assistant detected no evidence of weakness or other physical deficit. On August 19, 1993, Witherspoon was discovered lying on the floor, unable to rise, and his speech was slurred. Exhaustive testing

at a hospital showed that Witherspoon had suffered a bilateral stroke. He was treated for this stroke and eventually transferred to a federal medical treatment facility.

The defendants carried their summary-judgment burden, and Witherspoon failed to raise a contested issue of fact concerning any defendant's deliberate indifference to his medical needs. See Johnson, 759 F.2d at 1238. All defendants were entitled to summary judgment on Witherspoon's claim that he was denied proper medical treatment.

The judgment of the district court is AFFIRMED.