IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31357
Conference Calendar
_____

RICKEY EVANS,

Plaintiff-Appellant,

versus

WILLIE WASHINGTON, Lieutenant; BURL CAIN,
Warden; LOUIE CALVERT; RICHARD SPINNER;
ROBERT SCHOTT; JOHN DOE PERRY; RUBEN A.
EVANS; JOHN DOE HUNT; LEONARD WILLIAMS,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-610-B
- - - - - - - - - - -
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Rickey Evans, a Louisiana prisoner (# 108026), appeals the

district court's October 20, 2000, order, which effectively

denied his FED. R. CIV. P. 60(b) motion for relief from judgment.

The court originally entered judgment dismissing Evans' 42 U.S.C.

§ 1983 civil rights action on July 28, 1999.  Evans' Rule 60(b)

motion was filed more than 14 months later.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court reviews the denial of a Rule 60(b) motion for abuse of discretion. Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994); Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). The merits of the underlying judgment are not reviewable in an appeal from the denial of a Rule 60(b) motion. In re Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984).

Evans' Rule 60(b) motion cited "misapplication of state law, mistake, misrepresentation, fraud, and plain error" as reasons for being granted relief from judgment. Except for "plain error," a Rule 60(b) motion based on these reasons must be filed within one year "after the judgment, order, or proceeding was entered or taken." See Rule 60(b) (one-year time bar applies to motions based on Rule 60(b)(1), (2), and (3)). Insofar as Evans sought relief based on those reasons, his Rule 60(b) motion was untimely.

Evans has not purported to rely on Rule 60(b)(4) or (5). That leaves only Rule 60(b)(6), which provides relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) is the catch-all provision of Rule 60(b), the means by which a court may grant relief from judgment when justice so requires and when the other subsections are inapplicable. Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc., 62 F.3d 767, 773-74 (5th Cir. 1995). Relief under Rule 60(b)(6) is reserved for "extraordinary" circumstances. See Picco v. Global Marine Drilling Co., 900 F.2d 846, 851 (5th Cir. 1990). Evans has not even attempted to show

that his case presented "extraordinary" circumstances, and we find that no such circumstances are present.  Evans has failed to show that the district court abused its discretion in denying Rule 60(b) relief.

AFFIRMED.