**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 8, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20482
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT ARTHUR HALL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CV-1565
USDC No. 4:95-CR-201-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Arthur Hall, federal prisoner # 38261-079, appeals the district court's denial of his motion seeking to vacate two prior orders entered by a magistrate judge denying Hall's 28 U.S.C. § 2255 motion. The district court concluded that it lacked jurisdiction to entertain the motion. Hall was granted a Certificate of Appealability solely on the issue whether the district court's procedural ruling was correct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We held in <u>United States v. Johnston</u>, 258 F.3d 361, 366-72 (5th Cir. 2001), that the consensual delegation of a § 2255 motion to a magistrate judge violates Article III. Thus, Hall's motion seeking to vacate the magistrate judge's orders pursuant to <u>Johnston</u> effectively sought relief via Fᴇᴅ. R. Cɪᴠ. P. 60(b)(4). <u>See</u> <u>Jackson v. FIE Corp.</u>, 302 F.3d 515, 522-23 (5th Cir. 2002). A district court has no discretion to deny a Rule 60(b)(4) motion if the challenged judgment was void, and there is no time limit on such a motion. <u>See</u> <u>Jackson</u>, 302 F.3d at 324.

However, we conclude that relief is not available to Hall. A district court's erroneous exercise of subject matter jurisdiction is res judicata and is not subject to collateral attack by way of a Rule 60(b)(4) motion if the party seeking to void the judgment had the opportunity to do so on direct review of the court's determination. <u>See</u> <u>Chicot County Dist. v. Bank</u>, 308 U.S. 371, 376 (1940); <u>Picco v. Global Marine Drilling Co.</u>, 900 F.2d 846, 850 (5th Cir. 1990). Hall failed to challenge the exercise of jurisdiction by appealing that issue at the time. He may not do so now collaterally. <u>See</u> <u>Callon Petroleum Co. v. Frontier Ins. Co.</u>, 351 F.3d 204, 208 (5th Cir. 2003).

Given that the jurisdictional question was not evident or settled prior to <u>Johnston</u>, this case does not involve a clear usurpation of power or total want of jurisdiction that would warrant Rule 60(b)(4) relief. <u>See</u> <u>id.</u>; <u>see also</u> <u>United States v. Tittjung</u>, 235 F.3d 330, 335 (7th Cir. 2000).

Considering the foregoing, the district court's order denying Hall's motion is AFFIRMED.