Tyree W. BROWN, Individually and as the Statutory heir and wrongful death beneficiary of Chester Brown and Lester Brown, Deceased, Plaintiff–Appellant

v.

ILLINOIS CENTRAL RAILROAD COMPANY, INCORPORATED, also known as Canadian National Railroad; The Dow Chemical Company, Defendants–Appellees.

No. 10–60016
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 2010.

Tyree W. Brown, Pearl, MS, pro se.

Charles Henry Russell, III, Esq., Dennis Jason Childress, Esq., George Howard Ritter, Esq., Wise Carter Child & Caraway, P.A., Jackson, MS, Camille Henick Evans, Wells, Marble & Hurst, P.L.L.C., Ridgeland, MS, for Defendants–Appellees.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Tyree W. Brown appeals following the district court's grant of summary judgment in favor of the defendants. Brown alleged in his suit that the defendants were liable for personal injuries and wrongful death as a result of exposure to toxic chemicals. The district court determined that Brown's claims were barred by Mississippi's three-year statute of limitations.

■ Brown argues on appeal that his suit is not time-barred because the limitations period for claims under CERCLA, 42 U.S.C. § 9658, is the applicable limitations period. The district court determined that Brown waived this argument by failing to raise it in response to the motion for summary judgment, and instead by raising it for the first time in his rebuttal to the defendants' response to his Rule 59 motion. Brown presents no argument on appeal contesting this reasoning, and the issue is therefore waived. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987) (failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment). Moreover, the district court was correct. *See LeClerc v. Webb*, 419 F.3d 405, 412 n. 13 (5th Cir.2005) ("A motion for reconsideration may not be used to ... introduce new arguments."); *see also Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir.2004) ("Arguments raised for the first time in connection with a motion for reconsideration, however, are generally deemed to be waived.").

Brown also appears to argue that summary judgment was improper because his verified complaint was unopposed. This contention is belied by the record, which shows no infirmity in the course of the defendants' pleadings.

■ Finally, Brown argues that the district court abused its discretion by refusing to re-open a previous federal judgment rendered in 1989 against Brown in a similar case and to remand the matter to state court. Brown contended that the federal district court lacked complete diversity jurisdiction in that case, but the district court determined here that Brown failed to show a lack of jurisdiction and that even if the court had improperly exercised jurisdiction, Brown could not now assert his attack under Rule 60(b)(4). With the benefit of liberal construction, Brown asserts conclusionally that there was not complete diversity jurisdiction in the 1989 case. He cites no authority in support of his contention, does not provide any record citation of supporting evidence, and does not even address the district court's reasoning for denying the claim. We may therefore consider his argument inadequately briefed and waived. *See Yohey*, 985 F.2d at 224–25; FED. R.APP. P. 28(a)(9) (appellant's brief must contain contentions and citations to the authorities and parts of the record on which he relies). Furthermore, the district court correctly observed that a district court's exercise of subject-matter jurisdiction, even if erroneous, is res judicata and is not subject to collateral attack through Rule 60(b)(4) if the party seeking to void the judgment had the opportunity previously to challenge jurisdiction and failed to do so. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 2104 n. 9, 72 L.Ed.2d 492 (1982); *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990) (where party had notice

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of order in question and opportunity to challenge jurisdiction on appeal, but did not do so, party was "barred from challenging ... jurisdiction in a Rule 60(b)(4) proceeding").

AFFIRMED.