# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2020

No. 19-30286

Lyle W. Cayce
Clerk

JUANEA L. BUTLER, Individually and as representative of all others
similarly situated,

> Plaintiff–Appellant

v.

DENKA PERFORMANCE ELASTOMER LLC; E I DUPONT DE NEMOURS
& COMPANY; LOUISIANA STATE, Through the Department of
Environmental Quality; LOUISIANA STATE, Through the Department of
Health; Incorrectly named as Louisiana State Through the Department of
Health and Hospitals,

> Defendants–Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-6685

Before DENNIS, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

In this environmental tort case, Juanea Butler alleges that neoprene
production from the Pontchartrain Works Facility exposed residents of St.
John the Baptist Parish to unsafe levels of chloroprene, which may result in,
among other concerns, an elevated risk of cancer. Butler sued, seeking class

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-30286

certification, damages, and injunctive relief. The district court granted Defendants' motions to dismiss, but the Dismissal Order was, for reasons explained below, not a final judgment. Butler filed two notices of appeal, but because the district court had not yet entered a final judgment, we lack jurisdiction under 28 U.S.C. § 1291 to consider either. We therefore DISMISS.

## I. BACKGROUND

DuPont owned and operated Pontchartrain Works Facility from 1969 to 2015, when DuPont sold the plant to Denka Performance Elastomer LLC. Butler alleges that the plant, for decades, emitted unsafe levels of chloroprene into the air of the surrounding community. According to Butler, tens of thousands of people who comprise this putative class live or work near the plant, where they are being continuously exposed to dangerous emissions of chloroprene.

Butler sued DuPont, DPE, the Louisiana Department of Environmental Quality, and the Louisiana Department of Health in Louisiana state court. DuPont then removed the case to federal court based on jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Butler's motion to remand was denied. All four Defendants filed 12(b) motions to dismiss, arguing, among other things, that Butler's claims were time-barred and inadequately pled. Before the district court ruled on any of these motions, Butler filed a motion to amend her petition. This was referred, under a local rule, to a magistrate judge. And before the magistrate judge resolved Butler's motion to amend, the district court granted Defendants' motion to dismiss. But the district court cabined its Dismissal Order. Its ruling was subject to "the proviso that there is pending before Chief Magistrate Judge Roby a contested motion for leave to file second amended class action petition, and the Court does not purport to interfere with the magistrate judge's proceedings on that remaining motion."

2

No. 19-30286

Butler filed a notice of appeal in April of 2019. She sought review of three orders: (1) the district court's Dismissal Order; (2) the denial of her motion to remand; and (3) the order dismissing her motion for class certification. Five days after Butler filed her notice of appeal, the magistrate judge granted in part and denied in part Butler's motion to amend her complaint to pursue new claims against DuPont and DPE. The magistrate judge revived Butler's claims against DuPont only as to strict liability, and she granted Butler leave to amend on a continuing-tort theory of liability as to DPE. Butler filed an amended complaint, which is currently pending before the district court. DuPont appealed the magistrate judge's order allowing amendment, and the district court reversed the magistrate judge's order as to DuPont. Butler filed a *second* notice of appeal in June, this time appealing the district court's reversal of the magistrate judge's order allowing amendment, in addition to the orders previously appealed in April.[1] Butler raises many issues on appeal, but because we lack jurisdiction to address the merits of her claims, we only discuss her jurisdictional arguments. Butler contends that (1) the Dismissal Order was a final, appealable judgment; and that even if it wasn't, (2) the Order denied an injunction, which is appealable under 28 U.S.C. § 1292(a)(1). Both arguments lack merit.

## II. JURISDICTION

### A.    Finality of Judgment Below

Under 28 U.S.C. § 1291, "federal courts of appeals are empowered to review only 'final decisions of the district courts.'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1707 (2017) (quoting 28 U.S.C. § 1291). To determine finality,

---

[1] The June appeal was assigned the same case number as the April appeal. Butler filed a motion to sever, seeking a separate briefing schedule for each appeal. The motion also requested that the two appeals, after severance for separate briefing schedules, be consolidated to one panel. The motion to sever and consolidate was denied. The two appeals are now before us as one appeal, and we address the issues raised in both.

the court asks whether the order "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). And in a multi-party lawsuit, "a dismissal of claims against some, but not all, defendants is not a final appealable judgment unless, pursuant to Rule 54(b) . . . the district court concludes there is no justification for delaying an appeal and specifically directs entry of judgment." *Elizondo v. Green*, 671 F.3d 506, 509 (5th Cir. 2012).[2]

Here, there is no final, appealable judgment. The district court granted Defendants' motions to dismiss with a "proviso" that specifically kept alive contested motions before the magistrate judge. Butler then filed a notice of appeal, after which the magistrate judge granted in part and denied in part Butler's motion for leave to file a second amended complaint, which prevented this case from being dismissed in its entirety. Butler's Second Amended Complaint contained new and revised claims against DPE and DuPont. Thus, the district court's Dismissal Order did not end the litigation on the merits. The Order expressly contemplated that the litigation might continue, which is exactly what happened.

In her opening brief, Butler failed to invoke our jurisdiction under any authority.[3] In her reply brief, Butler argues we have jurisdiction because the

---

[2] Rule 54(b) specifically requires the district court to certify the judgment as "final for appellate jurisdiction purposes," which "must comply with the requirements set out in Rule 54(b)." *Witherspoon v. White*, 111 F.3d 399, 402 (5th Cir. 1997). Here, there was no entry of judgment or certification under 54(b).

[3] Butler's failure to do so is reason enough to dismiss her appeal. As the appellant, she "'bears the burden of establishing this court's appellate jurisdiction over this appeal' and there is no need to explore jurisdictional bases the appellant does not address." *Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288 (5th Cir. 2007) (quoting *Acoustic Sys., Inc. v. Wenger Corp.*, 207 F.3d 287, 289 (5th Cir. 2000)). And we "need not consider a claim raised for the first time in a reply brief." *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989), *cert. denied*, 493 U.S. 932 (1989).

Dismissal Order was final. If, Butler contends, the district court's intention is to dismiss an action, it's a final judgment, "notwithstanding any additional language that might appear to be conditional." But Butler's authorities for this proposition only highlight the weakness of her position. These cases involved orders that imposed conditions upon the parties, rather than on the court itself. Consider our 1990 decision in *Picco v. Global Marine Drilling Co.* 900 F.2d 846, 847 (5th Cir. 1990). In *Picco*, the district court granted a motion to dismiss on *forum non conveniens* grounds. The court's order included "a number of conditions preventing the defendants from asserting the statute of limitations and other defenses against Picco's claim in the Texas courts." *Id.* at 849. On appeal, we found that the order was final because the dismissal "had the practical effect of a dismissal without prejudice." *Id.* at 849 n.1. We noted that "the bare possibility that the district court might ultimately reassume jurisdiction over the case in the event of some unspecified future contingency does not prevent the order from becoming appealable." *Id.* But here, we don't have an unspecified future contingency; we have concrete, contested motions before the court.

Butler also cites to *Koke v. Phillips Petorleum Co.* and to *Cuevas v. Reading & Bates Corp.* Both of these cases, like *Picco*, dealt with *forum non conveniens* dismissal orders that contained conditional language. In *Cuevas*, the district court merely "held open the possibility that, should appellees have failed subsequently to submit to the jurisdiction of a foreign forum, appellants might *refile their complaints* in the district court." 770 F.2d 1371, 1376 (5th Cir. 1985) (overruled on other grounds) (emphasis added). Because the district court's order "did not contemplate the entry of any further orders regarding the merits of any such determinations . . . ," it was final and appealable. *Id.* Plus, we stated that any ability to bring the action again in federal court "lie[d] expressly *with the appellants*," which created the "practical effect of a dismissal

No. 19-30286

without prejudice." *Id.* (emphasis in original). *Koke* was remarkably similar. In that case, we observed that the case was "only open in the event that the conditions [were] not met and the appellants *refile[d] their claims*." 730 F.2d 211, 216 (5th Cir. 1984) (overruled on other grounds) (emphasis added). The order was final because the conditions the court imposed, like those in *Picco*, merely protected the appellants by allowing them to refile in federal court, "without penalty, if the defendant balks in the foreign forum." *Id.* at 218. Another key factor in *Koke*: The orders were final because they "put the appellants effectively out of federal court, leaving them no option to continue in that forum." *Id.*

*Koke*, *Cuevas*, and *Picco* all emphasize the same underlying standard for evaluating finality: We look to the "underlying effect of the orders, and not merely their language per se." *Cuevas*, 770 F.2d at 1375. Here, the effect of the district court's conditional language is clear—it kept the case open. Butler was not effectively put out of court; she was kept *in* court. This is how the magistrate judge must have understood the conditional language, since she ruled (favorably in part) on Butler's motions before her. And that's how the parties understood the order because they continued to litigate before the district court and magistrate judge. Indeed, even Butler continued filing below after her notice of appeal. The district court's Dismissal Order, rather than refer to "an unspecified future contingency," pointed to a specific motion, still pending before the court, that kept the case open.[4] The proviso in the Order

---

[4] Butler's other cases fare no better. In *Herman v. Cataphora, Inc.* 730 F.3d 460 (5th Cir. 2013), the district court granted a motion to dismiss and a motion to transfer venue. We wrestled with the effect of those conflicting orders and found that the dismissal order was valid and effective. But unlike here, in *Herman* there was no conditional language, just two contrary holdings. And either disposition would have taken the case out of the district court. We were simply tasked with deciding which order controlled. Butler also cites to *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.1 (5th Cir. 2012), and *Witherspoon*, 111 F.3d at 401–02. *Demahy* merely stands for the proposition that the district court does not need to

rendered it non-final. And thus we have no jurisdiction to entertain the April or June appeals.[5]

## B.     Refusal of an Injunction

Butler argues, in the alternative, that if the district court's order is not a final judgment, we still have jurisdiction under 28 U.S.C. § 1292(a)(1) because the district court's Dismissal Order "refused" an injunction sought by Butler in her petition. Section 1292(a)(1) does allow for interlocutory appeal when injunctive relief is granted or denied, but Butler's argument is squarely foreclosed by Supreme Court and Fifth Circuit precedent. We have offered clear guidance on how to determine whether we have jurisdiction over such appeals.

The "first question under § 1292(a)(1) is whether the order appealed from *specifically* denied an injunction . . . or merely had the *practical effect* of doing so." *E.E.O.C. v. Kerrville Bus Co., Inc.*, 925 F.2d 129, 131 (5th Cir. 1991)

---

name every defendant in the actual entry of judgment. The court will look to whether the district court "clearly intended to effect a final dismissal of a claim." *Demahy*, 702 F.3d at 182 n.1 (quoting *Picco*, 900 F.2d at 846 n.4). Butler asserts that *Witherspoon* applied *Picco* and "found a judgment final and appealable, despite ambiguous language in that judgment." But Butler is confused. In *Witherspoon*, we found that the "Final Judgment" at issue lacked finality. We did so in large part because the record indicated that the "district court failed to adjudicate the rights and liabilities" of all the parties. This failure deprives an order of finality, "irrespective of the district court's intent." *Witherspoon*, 111 F.3d at 402. *Witherspoon*, in reality, stands for the proposition that "[m]erely labeling a judgment as final does not make it so." *Id.* at 401. That undermines, rather than supports, Butler's argument.

[5] Butler also contends that the filing of her first notice of appeal stripped the district court of jurisdiction, so the district court's decision to reverse the magistrate judge should be vacated. Butler is correct that, generally, filing a notice of appeal strips the district court of jurisdiction, but this rule is inoperative for *nonappealable* orders. *United States v. Hitchmon*, 602 F.2d 689 (5th Cir. 1979) (en banc), *superseded by statute on other grounds* (holding that a "notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by either the district court or the appellate court"); *United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980) (same). And as we have explained, Butler's first notice of appeal sought review of a nonappealable order. In any event, Butler's argument has little relevance because we would still lack jurisdiction even if the district court was temporarily stripped of its jurisdiction, merely based on the proviso in the district court's Dismissal Order.

(emphasis in original). If the order specifically denied an injunction, the order is immediately appealable as of right. *Id.* at 132. Here, the district court did not specifically mention the injunction in its dismissal order, so the order is not appealable as of right. In this situation, we move to the second step: If the order "only had the practical effect of denying an injunction," the party may still have a right to immediate appeal.[6] But the appealing party must "meet the test established by *Carson*: it must show both that the order may have serious, perhaps irreparable consequences, and that the order can only be effectively challenged by an immediate appeal." *Id.*; *see also Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981). Here, Butler has shown neither. She did not even make an argument for why the order can't be effectively challenged after a final judgment. Because she did not do so, we cannot entertain an appeal from the injunction's denial until there is a final judgment below.

## CONCLUSION

There is no final judgment below, and Butler does not satisfy the test for interlocutory appeal of an injunction established by *Carson*. We therefore DISMISS for lack of jurisdiction.

---

[6] But we have made it clear that "an order that dismisses a claim seeking an injunction is not ordinarily an order specifically denying the injunctive relief sought by the claim." *Kerrville Bus Co.*, 925 F.2d at 132. Because of our "important policy" of avoiding piecemeal litigation, there must be a "substantial indication" that the district court was "acting specifically to deny injunctive relief." *Id.*