United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 04-31005
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$197,557.00 in U.S. CURRENCY,

Defendant,

versus

EDWARD LEWIS HANSARD,

Claimant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:88-CV-1318

---

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Edward Lewis Hansard appeals from the denial of his FED. R. CIV. P. 60(b) motion seeking to void the civil forfeiture of $197,577 in United States currency pursuant to 21 U.S.C. § 881(a)(6). Hansard's Rule 60(b) motion was filed 16 years after the currency was seized pursuant to a default judgment. We grant Hansard's motion to expand the record on appeal to include a copy of his Rule 60(b) motion.

Citing *Scarabin v. Drug Enforcement Admin.*, 966 F.2d 989 (5th Cir. 1992), Hansard argues that the district court never had jurisdiction over the forfeiture proceeding because the DEA possessed only a cashier's check and never actually possessed the currency. We do not consider this argument as it is raised for the first time in this court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Hansard also argues that the Louisiana State Police perpetrated a fraud upon him and the court, which created exceptional circumstances warranting review. Hansard relies on a letter purportedly sent to him by the Louisiana State Police informing him that the currency was returned to another person. Rule 60(b)(6) does not place a time limit on motions based on exceptional circumstances. Because the exceptional circumstances upon which Hansard relies are based upon his allegations of fraud, however, it is in the nature of a Rule 60(b)(3) motion, and it is untimely. *See* Rule 60(b)(3). Therefore, Hansard is not entitled to relief under Rule 60(b)(6). *See Kerwit Medical Products v. N. & H. Instruments*, 616 F.2d 833, 837 n.8 (5th Cir. 1980).

Hansard argues that the notice published by the Government in a Louisiana newspaper was not reasonably designed to give him notice of the forfeiture proceeding. We do not consider this argument as it is raised for the first time in Hansard's reply brief. *See United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989).

MOTION TO EXPAND THE RECORD GRANTED; JUDGMENT AFFIRMED.