United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 07-30090
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**EDWARD LEWIS HANSARD,**

Claimant-Appellant.

**Appeal from the United States District Court
for the Western District of Louisiana
(5:88-CV-1318)**

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Edward Lewis Hansard appeals the district court's denial, without written reasons, of his post-judgment motion seeking to void the civil forfeiture of $197,577 in United States currency pursuant to 21 U.S.C. § 881(a)(6).

Hansard filed the motion at issue 18 years after the currency was seized pursuant to a default judgment, and two years after the denial of his Federal Rule of Civil Procedure 60(b) motion for relief from that judgment, which our court affirmed in *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. $197,557.00 in U.S. Currency*, 170 F. App'x 328 (5th Cir. 2006). In the instant motion, he contended: pursuant to *Scarabin v. Drug Enforcement Admin.*, 966 F.2d 989 (5th Cir. 1992), the district court lacked subject-matter jurisdiction over the forfeiture proceeding because the Drug Enforcement Administration possessed only a cashier's check and never possessed the actual currency; and, therefore, the default judgment was void. (This same issue was raised in the above-referenced appeal. Because it was raised for the first time on appeal, our court did not consider it. *$197,557.00 in U.S. Currency*, 170 F. App'x at 328.)

Liberally construed, Hansard's motion again sought relief pursuant to Rule 60(b)(4) (allowing relief "from a final judgment ... [if] the judgment is void"). See *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc) ("If ... the motion asks for some relief other than correction of a purely clerical error and is served after ... [ten days from the judgment], then Rule 60(b) governs its timeliness and effect."); see also *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 & n.9 (5th Cir. 2003) ("a judgment may be set aside under Rule 60(b)(4) ... if the initial court lacked subject matter ... jurisdiction"). The denial of such a motion is reviewed *de novo*. See *Callon*, 351 F.3d at 208; see also, e.g., *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 636 (5th Cir. 2003) ("Subject matter jurisdiction is reviewed *de novo* as a question of law.").

2

Rule 60(b)(4) relief, however, is not available to Hansard. A district court's exercise of subject-matter jurisdiction, even if erroneous, is *res judicata* and is not subject to collateral attack through Rule 60(b)(4) if the party seeking to void the judgment had the opportunity previously to challenge jurisdiction and failed to do so. *See **Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee***, 456 U.S. 694, 702 n.9 (1982); ***Picco v. Global Marine Drilling Co.***, 900 F.2d 846, 850 (5th Cir. 1990) (where party had notice of order in question and opportunity to challenge jurisdiction on appeal, but did *not* do so, holding he was "barred from challenging ... jurisdiction in a Rule 60(b)(4) proceeding"). Hansard did *not* appeal the default judgment, and did *not* challenge jurisdiction in his previously-filed Rule 60(b) motion. Accordingly, denial of the instant motion was proper. *See **Ins. Corp. of Ireland***, 456 U.S. at 702 n.9; ***Picco***, 900 F.2d at 850.

*AFFIRMED*

3