United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

––––––––––––

m 02-41704

––––––––––––

THE MCMAHON FOUNDATION; J. TOM POYNOR,

Plaintiffs-Appellees,

VERSUS

AMERADA HESS CORPORATION, ET AL.,

Defendants,

VERSUS

CHESAPEAKE EXPLORATION LIMITED PARTNERSHIP,

Movant-Appellant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

————————————

m 03-40099

————————————

ALL PLAINTIFFS,

Plaintiff-Appellee,

VERSUS

ALL DEFENDANTS,
LIAISON COUNSEL,

Defendant-Appellee,

VERSUS

CHESAPEAKE EXPLORATION LIMITED PARTNERSHIP,

Movant-Appellant.

＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊

———————

m 03-40238

———————

THE MCMAHON FOUNDATION; J. TOM POYNOR,

Plaintiffs-Appellees,

VERSUS

AMERADA HESS CORPORATION, ET AL.,

Defendants,

VERSUS

CHESAPEAKE EXPLORATION LIMITED PARTNERSHIP,

Movant-Appellant.

* * * * * * * * * * * * * *

THE MCMAHON FOUNDATION; J. TOM POYNOR; MARY ALMA POWELL,

Plaintiffs-Appellees,

VERSUS

OCCIDENTAL PETROLEUM; ET AL.,

Defendants,

VERSUS

CHESAPEAKE EXPLORATION LIMITED PARTNERSHIP,

Movant-Appellant.

3

Appeals from the United States District Court
for the Southern District of Texas
⋒ C-98-CV-048
⋒ C-98-CV-130
MDL ⋒ 1206

Before JOLLY, SMITH, and DEMOSS,
  Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Chesapeake Exploration Limited Partnership ("CELP") appeals the denial of its motion to enforce the terms of a class action settlement. The district court's order is but one action taken in its capacity as an administrator of the settlement fund. The order neither fully resolves the rights and liabilities of all the parties nor fulfills the court's mandate to interpret and administer the settlement. It is accordingly not a final appealable order, so we dismiss the appeal.

## I.

CELP, a wholly-owned subsidiary of Chesapeake Energy Corporation ("CE"), proceeding by way of motion in the Southern District of Texas, attempts to assert its putative rights to partake in a settlement from which it has previously been excluded. The settlement (the "Global Settlement") arises

out of a series of lawsuits filed in the mid-1990's against numerous oil producers by oil royalty and interest owners. The plaintiffs sued in various state and federal courts, charging the oil producers with the systematic underpayment of royalties for oil purchased at the wellhead. The litigation was consolidated in January 1998 by the Judicial Panel on Multi-District Litigation and assigned to the Southern District of Texas for further proceedings.

Thereafter, most of the original defendants settled, reaching an agreement that divided the parties into four classes: settling plaintiffs, non-settling plaintiffs, settling defendants, and non-settling defendants. Non-settling plaintiffs and non-settling defendants are regarded as being outside the settlement class and are neither bound by the terms of the agreement nor entitled to file claims under it. In addition, the agreement excludes "affiliates" of non-settling defendants, defined as entities in which a non-settling defendant possessed a fifty percent or more ownership interest at any time between January 1, 1986, and September 30, 1998.

CE was designated a non-settling defendant, because it did not contribute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

monies to the settlement fund. CE timely objected to this classification and its exclusion as a class member. The district court certified the Global Settlement over these objections,[1] and CE timely appealed, then voluntarily abandoned the appeal.[2] Despite entering a final judgment, the district court retained "continuing jurisdiction over the Settlement Agreement . . . for the purposes of enforcing, implementing, administering, construing and interpreting [the] Settlement Agreement."[3]

The present appeal arises out of a motion by CELP asking the district court to order a settlement disbursement in satisfaction of claims owned by three of CELP's newly- acquired subsidiaries: DLB Oil & Gas, Inc. ("DLB"), Hugoton Energy Corp. ("Hugoton"), and Anson Corporation ("Anson"). DLB, Hugoton, and Anson are formerly class-action plaintiffs who asserted a right to damages for barrels of oil they sold at artificially deflated prices in the preceding decade.

The district court, having previously determined that CELP could not assert claims on its own behalf because it is a non-settling defendant, denied CELP's motion, because it concluded DLB, Hugoton, and Anson are affiliates of a non-settling defendant. Each of the three companies was acquired by CELP before the effective date specified in the Global Settlement's definition of "affiliates" of a non-settling defendant. As a result, the court concluded, the companies' claims were excluded by the terms of the agreement and could not be asserted by CELP.[4]

## II.

With limited exception, this court has jurisdiction only over final judgments. *See* 28 U.S.C. § 1291; *Graham v. Johnson*, 168 F.3d 762, 774 (5th Cir. 1999). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Where an action involves multiple parties, "a disposition of the action as to only some of the parties does not result in a final appealable order absent a certification by the district court under Federal Rule of Civil Procedure 54(b)." *Transit Mgmt., Inc. v. Group Ins. Admin., Inc.*, 226 F.3d 376, 381 (5th Cir. 2000).

The district court order is not a final judgment, because it neither resolves the rights and liabilities of all the parties nor concludes the district court's role as an administrator of the settlement. The parties do not dispute that the original order certifying the Global

---

[1] *In re Lease Oil Antitrust Litig. (No. II)*, 186 F.R.D. 403 (S.D. Tex. 1999)

[2] As a result, the fairness of the settlement is no longer an issue CELP can raise on appeal.

[3] *See also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994) (providing that courts lack inherent jurisdiction to enforce settlements that they approve, but may nevertheless retain jurisdiction for that purpose at the time of settlement).

[4] The district court misconstrued CELP's motion as a Fed. R. Civ. P. 60(b) motion for relief from the judgment on the basis of the court's belief that CELP sought to be re-designated as a class member. To the contrary, CELP's motion asserts a right to collect based on an independent ground that was not the subject of the court's earlier ruling, namely, by contesting whether DLB, Hugoton, and Anson are affiliates of a non-settling defendant barred from collecting in the judgment. As a result, we agree with CELP that its motion should not be analyzed under the standards of rule 60(b).

Settlement was a final appealable order, or that CE's initial appeal of that decision was properly initiated. Rather, the question is whether a subsequent order interpreting that settlement to determine the rights and liabilities of one party is a final appealable judgment. On the facts of this case, it is not.

Of singular importance to our conclusion is the manner in which CELP initiated the present dispute. Instead of pursuing a private cause of action between itself and the plan administrator, CELP proceeded by way of motion in the pre-existing class action case. It did not serve a complaint on a defendant[5] or seek to have its claims adjudicated under a new docket number. Indeed, under *Kokkonen*, 511 U.S. at 380-81, for any such lawsuit to be heard in federal court, there would need to be an independent jurisdictional basis not found here. As a result, the present action is a continuing part of the original class action, subject to the terms and conditions by which the district court retained the subject matter jurisdiction necessary to interpret the settlement and issue binding orders thereunder.

Among the consequences for CELP's decision to pursue its claim in this fashion is the subordination of its interests to the larger action pending in the district court, which retained jurisdiction over the settled case for the purpose of "enforcing, implementing, administering, construing and interpreting" the settlement. The issuance of an interpretive order defining CELP's rights and obligations under the agreement may be an action that is consistent with this retained grant of jurisdiction, but it is not an action that marks the termination of the court's role as an administrator of the settlement. So long as the court retains its residual grant of jurisdiction further to enforce, administer, and interpret the settlement agreement, any action it takes in this capacity lacks the attribute of finality that is necessary to make the order immediately appealable.[6]

As a result, we DISMISS the appeal for want of jurisdiction and, accordingly, we do

---

[5] And indeed, at oral argument, CELP's attorney had difficulty even identifying the defendant. The motion to enforce the settlement is ostensibly a claim to require the administrator of the settlement fund specifically to perform its obligations as a fiduciary, but that party, the Garden City Group, was not sued and was not involved in the proceedings before the district court or this court on appeal. Rather, CELP's actions are being opposed by counsel for the settling plaintiff class.

[6] There are several alternative means by which CELP could have brought this claim that would have lent themselves to a quicker appeal: (1) by pursuing an independent claim against the plan's fiduciaries in state (or with the proper jurisdictional basis, federal) court for breach of contract, thereby asserting its rights to a settlement distribution in a vehicle that presents that singular issue for adjudication; (2) by accepting its status as a non-settling defendant and instituting a new cause of action to prevail on the merits of the underlying antitrust and state tort claims; or (3) having proceeded as it did by way of motion, by asking the district court to determine that there exists no just reason to delay an appeal of its individual rights and to certify the issue for appellate review under rule 54(b). *See* FED. R. CIV. P. 54(b); *Witherspoon v. White*, 111 F.3d 399, 402-03 (5th Cir. 1997). At oral argument, appellees' counsel stated their position that at least the second of these alternatives remains open to CELP. Alternatively, CELP may wait until the district court completes its task as an administrator of the fund, and appeal the order at that time.

6

not reach the merits of the district court's conclusion that CELP may not assert rights on behalf of DLB, Hugoton, and Anson.