IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-30825
Summary Calendar

SSC ACQUISITION CORP., doing business as Scientific Systems Corporation

Plaintiff - Appellee

v.

DAVID R. RATCLIFF; ANTHONY W. COLLIER; SAFE AIR TECHNOLOGY
LLC

Defendants - Appellants

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-421

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Ratcliff, Anthony Collier, and Safe Air Technology, LLC
(collectively, "Safe Air") appeal the district court's denial of their motion to
interpret a settlement agreement and its grant of Appellee SSC Acquisition
Corp.'s ("SSC") motion to enforce the settlement agreement. Because the order
does not fully resolve the rights and liabilities of the parties under the
settlement agreement and does not conclude the district court's role in enforcing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the settlement agreement, the order is not final and appealable. We therefore dismiss the appeal.

I.

In 2004, SSC sued Safe Air alleging, among other things, that Safe Air had violated federal copyright law by infringing on SSC's trademarks in the manufacture and sale of certain specialized heating and cooling systems. Following negotiations, the parties entered into a settlement agreement and filed a joint motion to dismiss in part, which the district court granted on May 1, 2006. In granting the motion, the district court specifically retained "jurisdiction for the limited purpose of enforcement in accordance with the terms of the Settlement Agreement."[1] Under the terms of the settlement agreement, the parties' dispute was to be resolved by a technical auditor and, if necessary, a special master, a consulting attorney, and an accounting auditor. The technical auditor's role was:

> (a) to identify the first generation of a [Safe Air Technology] product for a comparison to SSC products; and

> (b) to ascertain whether an existing or new product of [Safe Air Technology] was "copied" from the products of SSC as they existed prior to January 1, 2003, with information in which SSC had a protectable interest. "Protectable information" as used herein is information whose source and/or applications came from SSC. "Copied" as used herein shall exclude any products copied or that could have been copied from another source other than SSC.

On October 15, 2007, the technical auditor finished his report on certain Safe Air Technology products and found that they were "copied." Under the

---

[1] The settlement agreement provides that the district court "shall retain jurisdiction to enforce the terms and conditions of this Agreement, to resolve disputes arising hereunder and for such other action as may be necessary or appropriate for construction or execution of this Agreement."

terms of the settlement agreement, Safe Air must pay SSC a royalty of eight percent (8%) of the gross sales of a "copied" product. Safe Air appealed the technical auditor's finding to the special master, as provided by the settlement agreement. The special master affirmed the technical auditor's findings. Safe Air subsequently refused to allow the technical auditor to audit its remaining products. SSC filed a motion to enforce the settlement agreement in the district court seeking to require Safe Air to allow the technical auditor to continue, participate in selecting a financial auditor, and pay SSC's legal fees resulting from Safe Air's appeal to the special master. Safe Air then filed a motion to interpret the settlement agreement in which it asked the district court to require the special master to reconsider his decision on the grounds that he had erroneously construed the settlement agreement. On July 16, 2008, the district court granted SSC's motion and denied Safe Air's, and directed Safe Air, inter alia, to comply with the settlement agreement's procedures to appoint an accounting auditor, to cooperate with the technical auditor, and to pay fees due to SSC's attorneys. Safe Air appealed from this ruling, and SSC filed a motion to dismiss for lack of jurisdiction.

## II.

"As a general rule, federal law limits our appellate jurisdiction to reviewing final decisions of the district courts." Graham v. Johnson, 168 F.3d 762, 774 (5th Cir. 1999) (citing 28 U.S.C. § 1291). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). "[T]he final judgment rule promotes efficient judicial administration while at the same time emphasizing the deference appellate courts owe to the district judge's decisions on the many questions of law and fact that arise before judgment."

Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430 (1985). "Immediate review of every trial court ruling, while permitting more prompt correction of erroneous decisions, would impose unreasonable disruption, delay, and expense. It would also undermine the ability of district judges to supervise litigation." Id. Section 1291 does not allow "piecemeal appellate review of trial court decisions which do not terminate the litigation." Id. (quoting United States v. Hollywood Motor Car Co., 458 U.S. 263, 265 (1982)).

Here, the district court's ruling is not a "final decision." We have previously indicated, in an unpublished opinion, that as long as a district court "retains its residual grant of jurisdiction further to enforce, administer, and interpret the settlement agreement, any action it takes in this capacity lacks the attribute of finality that is necessary to make the order immediately appealable." McMahon Foundation v. Amerada Hess Corp., 98 F. App'x 267, 271 (5th Cir. 2004). It is clear that the order here has not concluded the district court's role in enforcing the settlement agreement. Moreover, even if we were ever to allow an appeal of a district court's ruling on a motion to enforce or interpret a settlement agreement while the district court retained jurisdiction, we would not do so here, where there is an obvious risk of "piecemeal appellate review." Richardson-Merrell, Inc., 472 U.S. at 430 (quotation omitted). Safe Air alleges that the technical auditor and special master have misinterpreted the settlement agreement, and it is undisputed that the technical auditor has not completed his review of Safe Air Technology's products—thus, further issues relating to that review may yet arise.[2] Under these facts, the district court has more to do than

---

[2] We express no opinion as to whether, to obtain quicker appellate review, Safe Air could have raised its claims in a separate action for declaratory judgment, nor as to whether the district court could have certified its ruling as a final judgment under Rule 54(b).

merely execute the judgment, and the decision at issue here is not final.[3] Catlin, 324 U.S. at 233. We therefore GRANT SSC's motion and DISMISS the appeal for want of jurisdiction. We do not reach the merits of the district court's ruling.

---

[3] Safe Air cites *Lindsay v. Ford Motor Co.*, No. 94-10503, 1994 WL 684970 (5th Cir. Nov. 22, 1994) (unpublished), for the proposition that a ruling on a motion to enforce a settlement agreement is final and appealable. In *Lindsay*, however, the Court specifically noted that as a result of the district court's order, the district court had "nothing left to adjudicate." 1994 WL 684970 at *2. As discussed above, that is not the case here. Similarly, in *Evans-Carmichael v. United States*, also cited by Safe Air, the order at issue "effectively resolved all of the matters between the parties, and was thus appealable as a final decision." 250 F. App'x 256, 261 (10th Cir. 2007). Finally, while Safe Air cites *Kirkland v. Legion Insurance Co.*, there, too, "[t]here was no other conceivable district court order with respect to the case's merits once the court in effect approved the settlement agreement by enforcing its terms." 343 F.3d 1135, 1139–1140 (9th Cir. 2003).