**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-40215

STATE OF TEXAS,

Movant-Appellant,

v.

SETTLING PLAINTIFFS,

Movant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:98-MD-1206

Before SMITH, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Chesapeake Exploration L.P. ("CELP") appeals the denial of its motion to enforce a settlement agreement that ended an antitrust class action. Class

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

members, who were purchasers of oil at the wellhead, accused sellers of systematically overcharging. Chesapeake Energy Corporation ("Chesapeake"), the parent corporation of CELP, was a defendant. Three companies that merged with CELP––DLB Oil & Gas Inc. ("DLB"), Hugoton Energy Corporation ("Hugoton"), and Anson Corporation ("Anson")––had been oil purchasers like the members of the plaintiff class.

The settlement was approved in 1999 over objections made at the fairness hearing by Chesapeake and others. *In re Lease Oil Antitrust Litig. (No. II)*, 186 F.R.D. 403, 431-38 (S.D. Tex. 1999). CELP then submitted claim forms for payments it believed were due under the settlement. Most of those claims were denied.

CELP filed a motion to enforce the settlement in 2002. The district court denied that motion. CELP appealed in 2003, but the appeal was dismissed for want of jurisdiction, because the district court had not yet issued a final order in the class action. *McMahon Found. v. Amerada Hess Corp.*, 98 F. App'x 267 (5th Cir. 2004). The district court issued its final order in 2008, and CELP appealed again.

DLB, Hugoton, and Anson would have been class members if they were still independent entities. CELP argues that it inherited the claims owed to those companies when the mergers took place. CELP is incorrect.

The terms of the settlement agreement bar CELP from membership in the class. The settlement provides that "the term 'Class Members' does not include . . . Non-Settling Defendants and their Affiliates." Chesapeake was a non-settling defendant, defined as a defendant that did not contribute money to the settlement fund. The term "Affiliates" is also defined in the settlement agreement: "'Affiliates' of an entity means those entities which, at any time between January 1, 1986 and September 30, 1998, were . . . entities in which that entity or its direct or indirect parent entities own, directly or indirectly, 50 percent or more

2

of the ownership interest."

The mergers of DLB, Hugoton, and Anson into CELP took place between April and June 1998. Through the mergers, CELP gained a one-hundred-percent ownership interest in the three companies. Under the definition in the settlement agreement, DLB, Hugoton, and Anson are affiliates of CELP and CELP's parent entity, Chesapeake.

Affiliates of non-settling defendants may not collect settlement funds under the terms of the agreement. CELP is therefore not owed any money from the settlement, and the district court correctly denied its motion.

CELP also makes two objections to the fairness of the settlement agreement. It argues that the ending date of the class period was arbitrarily changed from September 30, 1997, to September 30, 1998. And it contends that Chesapeake is not properly a defendant in the case, because it was never served with process in the underlying lawsuit. Chesapeake forfeited any claims regarding the fairness of the settlement agreement when it voluntarily abandoned its appeal of the settlement's certification. *McMahon*, 98 F. App'x at 269 & n.2.

The decision of the district court is therefore AFFIRMED.