**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-2733 and 13-3300
_____

DAVID ALSTON,
                              Appellant

v.

KEAN UNIVERSITY; DR. PHILIP H. WITT; SARAH D. BLOOD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-00309)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 19, 2013

Before:  SMITH, GARTH and ROTH, Circuit Judges

(Opinion filed: December 19, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se appellant David Alston appeals the District Court's orders (a) dismissing

his amended complaint, (b) denying his request for leave to amend his complaint a

second time, and (c) denying his motion under Rule 60(b) of the Federal Rules of Civil

Procedure.  We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's

order granting the defendants' motion to dismiss de novo, <u>Fleisher v. Standard Ins. Co.</u>, 679 F.3d 116, 120 (3d Cir. 2012), and review for abuse of discretion the Court's orders denying leave to amend, <u>Connelly v. Steel Valley Sch. Dist.</u>, 706 F.3d 209, 217 (3d Cir. 2013), and denying the Rule 60(b) motion, <u>Budget Blinds, Inc. v. White</u>, 536 F.3d 244, 251 (3d Cir. 2008). For the reasons set forth below, we will affirm the District Court's judgment.

This case concerns a two-year suspension from Kean University that Alston received due to his allegedly inappropriate behavior toward Sarah Blood, another student. Alston disagrees with the suspension, and also contends that Kean acted improperly during the university-disciplinary proceedings. As a result, he filed a complaint in the District Court, seeking $3 million in compensatory damages and naming as defendants Kean; Blood; and Dr. Phillip H. Witt, a psychologist, who apparently examined him in connection with the disciplinary matter. The District Court sua sponte dismissed Alston's initial complaint, concluding that it failed to set forth any basis for federal jurisdiction, but granted Alston 30 days to file an amended complaint.

Alston filed an amended complaint, which was virtually identical to his initial complaint, but added an assertion that the claims arose under 42 U.S.C. § 1983. Witt and Kean filed motions to dismiss, while Blood filed an answer. Alston then sought leave to file a second amended complaint; he also provided his proposed second amended complaint. After a hearing, the District Court granted the motions to dismiss, concluding that Kean was not a "person" for purposes of § 1983 and was immune from suit under the

2

Eleventh Amendment, that Alston had failed to state a claim as to Witt, and that it would be futile to permit Alston to amend his complaint again. Subsequently, the Court also dismissed Alston's claims against Blood, thus fully disposing of the complaint.

Alston then filed a notice of appeal to this Court. He also filed a motion under Rule 60(b) in the District Court, in which he sought leave to amend his complaint and for the District Court Judge to disqualify herself from his case. The District Court denied that motion, and Alston then filed a second notice of appeal. The two appeals have been consolidated before this Court.

We discern no error in the District Court's disposition of this case. First, we agree with the District Court that Alston has failed to state a claim on which relief may be granted as to Witt. To avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must not be so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by [Fed. R. Civ. P. 8]." Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (internal quotation marks omitted). Alston's amended complaint did not contain a single allegation of wrongdoing concerning Witt, so it was appropriate for the District Court to grant Witt's motion to dismiss. Moreover, while Alston's proposed second amended complaint included slightly more factual detail, it still presented just general grievances about Witt, stating conclusively, for instance, that he was "biased" and overly blunt. These vague assertions are simply insufficient to state a legally cognizable claim, see

3

generally Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that a complaint may be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)), and the District Court therefore did not abuse its discretion in denying Alston's request to amend, see Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

With respect to Kean, Alston has, in his briefs to this Court, explicitly abandoned any challenge to the District Court's conclusion that the claims in his amended complaint failed as a matter of law. We thus will not revisit the District Court's conclusion that Kean is a state agency that is generally immune from suit under the Eleventh Amendment. See United States v. Mornan, 413 F.3d 372, 377 n.2 (3d Cir. 2005). Likewise, Alston has not objected to the District Court's rulings that (a) Congress has not abrogated New Jersey's immunity through § 1983, see Quern v. Jordan, 440 U.S. 332, 340-41 (1979), and (b) New Jersey has not waived its immunity, see generally Port Auth. Police Benevolent Ass'n v. Port Auth., 819 F.2d 413, 418 (3d Cir. 1987), abrogated on other grounds by Hess v. Port Auth. Trans–Hudson Corp., 513 U.S. 30 (1994).

Instead, Alston argues only that he should have been permitted to amend his complaint to assert claims against Kean arising under the Fourteenth Amendment. However, it would have been futile for Alston to amend his complaint in this way. As noted above, § 1983 does not abrogate New Jersey's Eleventh Amendment immunity, see Quern, 440 U.S. at 340-41, and thus, to the extent that Alston would use § 1983 as the vehicle to assert his Fourteenth Amendment claim, the Eleventh Amendment would still

4

bar the claim, see Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 185 (3d Cir. 2009). Moreover, Alston cannot avoid this bar by asserting a freestanding claim under the Fourteenth Amendment. See id.; see also Magana v. N. Mar. I., 107 F.3d 1436, 1442-43 (9th Cir. 1997) (Aldisert, J.). Therefore, the District Court did not err in denying leave to amend. See Alvin, 227 F.3d at 121.[1]

Further, having dismissed Alston's federal claims, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over Alston's state-law claims against Blood. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).

Finally, the District Court did not err in denying Alston's Rule 60(b) motion. To the extent that the motion was founded on Alston's contention that he should have been granted leave to amend, the claim fails for the reasons set forth above. To the extent that the motion turned on Alston's claim that the District Judge should have disqualified herself, the motion lacked merit because there was no basis for disqualification. See, e.g., Liteky v. United States, 510 U.S. 540, 555 (1994).

Accordingly, we will affirm the District Court's orders.

---

[1] Alston relies heavily on Cobb v. Rector & Visitors of University of Virginia, 69 F. Supp. 2d 815 (W.D. Va. 1999), but that case does not help him, because the Court there determined (as the District Court did here) that the Eleventh Amendment barred the plaintiff's suit against the university. See id. at 823.