PS2-177                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1629
_____

DAVID V. ALSTON,
                              Appellant

v.

KEAN UNIVERSITY; DR. PHILIP H. WITT; SARAH D. BLOOD

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-01338)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2014
Before:  CHAGARES, KRAUSE and SLOVITER, Circuit Judges

(Filed: September 8, 2014)
_____

OPINION
_____

PER CURIAM

    David V. Alston appeals pro se from the District Court's order dismissing his

complaint.  We will affirm.

I.

In February 2014, Alston filed a complaint in the District Court against Kean University ("Kean"); Dr. Philip H. Witt, a psychologist employed by Kean University; and Sarah D. Blood, a student at Kean University. He alleged that he was charged with violating a "no contact order" with Blood, required to attend a "Student Conduct Hearing," and then was suspended from Kean. The hearing officer allegedly delayed issuing a decision for 29 days and, when the decision was issued, it specified that Alston was required to see Witt for a psychological evaluation. During the psychological evaluation, Witt allegedly "exhibited partiality" based on the information contained in the 10-page decision letter. Alston later appealed his suspension and requested another copy of the decision letter, as he no longer had the original. He asserts that Kean officials rewrote the letter, "deleting all of the Hearing Officer's silly and defamatory statements" that formed the basis of Witt's questions. Alston claims that Kean and Witt conspired to violate his due process rights and engaged in libel and defamation of his character.

The District Judge reviewed the complaint and determined that the allegations made therein were substantially similar to allegations that Alston had raised in a separate civil suit, D.C. Civ. No. 2:13-cv-00309, which had been dismissed without leave to amend in June 2013. Accordingly, the District Court summarily dismissed the complaint. Alston appeals.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Alston's complaint. See Tourscher v.

2

McCullough, 184 F.3d 236, 240 (3d Cir. 1999). A district court must sua sponte dismiss a complaint that is filed in forma pauperis if it determines that the action is frivolous, malicious, fails to state a claim, or seeks damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A plaintiff who has received a final judgment on the merits in one action is precluded from litigating another suit against the same parties based on the same cause of action. See CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999). Whether two causes of action are identical depends, in general, on a consideration of: (1) whether the acts complained of and the demand for recovery are the same; (2) whether the same witnesses and documents will be necessary in the trial in both cases; and (3) whether the material facts alleged are the same. See United States v. Athlone Indus. Inc., 746 F.2d 977, 984 (3d Cir. 1984)

At the time that Alston filed his complaint, he had already been denied relief in a separate civil rights action docketed at D.C. Civ. No. 2:13-cv-00309. In that separate complaint, as amended, he sued Kean, Witt, and Blood, and alleged that: (1) the hearing officer intentionally delayed issuing a decision letter; (2) Kean officials libeled him; and (3) Kean's vice president and the Office of Student Conduct harassed him while he waited for the results of his appeal. The District Court granted Kean and Witt's motions to dismiss pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and dismissed Alston's state law claims against Blood for lack of subject matter jurisdiction. In her dismissal order, the District Judge denied Alston's motion to file a second

3

amended complaint and noted that further amendment of the complaint would be futile. We affirmed in <u>Alston v. Kean Univ.</u>, C.A. No. 13-2733 (judgment entered Dec. 19, 2013).[1]

The instant action stems from the same alleged harm caused by the same three defendants named in D.C. Civ. No. 2:13-cv-00309, does not identify any different defendants or harms, and was filed after the District Court had dismissed Alston's amended complaint without further leave to amend. The District Court therefore properly dismissed Alston's complaint. <u>See</u> <u>CoreStates Bank</u>, 176 F.3d at 194.

Accordingly, we will affirm the judgment of the District Court.

---

[1] We also affirmed the District Court's denial of Alston's recusal motion.

4