**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-4767 & 14-4768
_____

DAVID V. ALSTON,
                        Appellant

v.

KEAN UNIVERSITY; DR. PHILIP H. WITT;
SARAH D. BLOOD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 2-13-cv-00309 & 2-14-cv-01338)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2015

Before: FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: June 16, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

David Alston, proceeding pro se, appeals from District Court orders denying his "Motion to Vacate Void Judgments and Remand Case." For the reasons that follow, we will affirm.

Following disciplinary proceedings, Kean University suspended Alston because of inappropriate behavior toward another student, Sarah Blood. In January 2013, Alston filed a complaint, which he later amended, in the United States District Court for the District of New Jersey, naming as defendants Kean University, Blood, and Dr. Phillip H. Witt, a psychologist, who examined Alston in connection with the disciplinary proceedings. Witt and Kean filed motions to dismiss; Blood filed an answer. The District Court granted the motions to dismiss, concluding that Kean University was not a "person" for purposes of 42 U.S.C. § 1983 and was immune from suit under the Eleventh Amendment, that Alston had failed to state a claim as to Witt, and that it would be futile to permit Alston to amend his complaint again. The District Court dismissed the claims against Blood for lack of diversity of jurisdiction. Alston appealed,[1] and we affirmed. Alston v. Kean Univ., 549 F. App'x 86 (3d Cir. Dec. 19, 2013).

In February 2014, Alston filed a separate complaint against Kean University, Blood, and Witt. The District Court summarily dismissed the complaint, concluding that

---

[1] Alston also filed a motion under Rule 60(b), seeking leave to amend his complaint and requesting that the District Court Judge disqualify herself from his case. The District Court denied that motion, and Alston filed a second notice of appeal. The two appeals were consolidated.

the allegations made therein were substantially similar to the claims that Alston had raised in his prior civil suit. Alston appealed and we affirmed. Alston v. Kean Univ., 575 F. App'x 95 (3d Cir. Sept. 8, 2014).

In October 2014, Alston filed in both District Court actions a "Motion to Vacate Void Judgments and Remand Case." Those identical motions, brought under Federal Rule of Civil Procedure 60(b)(4), alleged that the District Court's rejection of his complaints was a "usurpation of power." Alston argued that the District Court "should have . . . dismissed [his claims] without prejudice for lack of subject matter jurisdiction" so that he could "litigate the same case against the same defendants in a subsequent action as though the previously dismissed action was never started." The District Court denied the motions, noting that "the Orders [Alston] now challenges have been affirmed on appeal." Alston appealed.

We have jurisdiction over the appeals pursuant to 28 U.S.C. § 1291. An order denying a Rule 60(b)(4) motion is subject to plenary review. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008) (citing Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986)). Rule 60(b)(4) provides for relief when a judgment is void. A judgment may be void if the court that rendered it lacked jurisdiction over the subject matter or the parties, or entered a decree which was not within the powers granted to it by law. See Marshall v. Board of Educ., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978).

Alston has failed to establish that the orders dismissing his civil rights actions

3

were in any way void. Alston's Rule 60(b)(4) motions sought relief on the ground that the District Court acted in "excess of jurisdiction." For instance, Alston asserted that the dismissal of Kean University on immunity grounds "simply means lack of subject matter jurisdiction of [the District Court] to oversee the case." According to Alston, because the District Court lacked subject matter jurisdiction, its judgments were void. This argument should have been raised on appeal, and certainly does not establish that the District Court lacked jurisdiction over the civil rights actions such that the judgments rendered are void. See United States v. Ruiz, 536 U.S. 622, 628 (2002) (recognizing that "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction."); cf. Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990) (holding that a district court's exercise of subject matter jurisdiction is res judicata and cannot be attacked through a Rule 60(b)(4) motion if the party alleging that the judgment is void had a previous opportunity challenge jurisdiction but failed to do so). At bottom, Alston appears to contend that the District Court's judgments were incorrect. That allegation, however, is not sufficient for obtaining relief under Rule 60(b)(4). See, e.g., United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (explaining that "[a] void judgment is a legal nullity," and that "[a] judgment is not void, for example, simply because it is or may have been erroneous." (internal quotation marks omitted)).

For the foregoing reasons, we will affirm the District Court's orders denying Alston's Rule 60(b)(4) motions.